[Civ. No. 22018.   Second Dist., Div. One.   Dec. 31, 1956.]

ANNE VIVIAN FOSTER, Respondent, v. GLEN VARICK FOSTER, Appellant.

Price, Postel & Parma and Frederick W. Mahl, Jr., for Appellant.

Walter H. Young for Respondent.

FOURT, J.—This is an appeal from an order wherein the court ordered the appellant pay to the respondent's new counsel, on account of attorney's fees, the sum of $1,000, and further, to pay to the respondent, in addition to the sum of $400 per month previously ordered, the sum of $75 per month.

The facts of the case, as disclosed by the files and records, are substantially as follows: The parties hereto were each previously married to and divorced from another spouse at least once. The respondent, hereinafter referred to as the wife, had, prior to her marriage to the appellant, hereinafter referred to as the husband, lived in California sometimes with and sometimes separated from her then husband. The husband herein was, at the time of his marriage to the wife herein, divorced from another wife and was paying her alimony in the sum of $250 per month plus $300 per month for the support and maintenance of two minor children of that marriage. The parties here were married in Las Vegas, Nevada, on or about June 20, 1953, and separated about April 8, 1955. Apparently the marriage took place on the day of the divorce of the wife herein from a previous husband.

The wife brought this action wherein she alleged extreme cruelty and seeks a judgment for separate support and maintenance. The husband's answer denies the existence of the marriage relationship and the alleged acts of extreme cruelty. He also filed a cross-complaint for annulment, and in the alternative, for a divorce.

An order to show cause with reference to alimony, attorney's fees and costs was secured by the wife and returned and heard before Judge Mosk in Department B, Santa Monica, on June 3, 1955. After a full and complete hearing on that date the judge ordered the husband to pay to the wife the sum of $400 a month for support and maintenance, plus the sum of $250 on account of costs and the sum of $1,500 on account of the wife's attorney's fees, and pursuant to stipulation between counsel for the parties, the balance of attor-

ney's fees, if any, was to be set at the time of trial. The amounts so ordered were all paid by the husband.

Thereafter the wife secured an order to show cause with reference to a modification of the order of June 3, 1955, based upon her affidavit that she required over $800 per month for her support and maintenance, additional fees for her new attorney, and additional sums for costs. This order with reference to a modification of the original order was heard on April 13, 1956, in the superior court, Santa Monica, Department C, before Judge Odemar, and at the conclusion of the hearing the judge ordered that the husband pay additional attorney's fees, on account, in the sum of $1,000, and the sum of $475 for a 13-month period for the wife's support and maintenance. This appeal is from the order of April 13, 1956.

The record seems to indicate that the complaint for separate support and maintenance was filed on the 25th day of May, 1955. The first order to show cause was heard and disposed of on June 3, 1955. Sixty-four days elapsed from the date of the filing of the original complaint to the date of the husband's first appearance by demurrer. The hearing on the demurrer was continued on the day it was set to be heard. A first amended complaint was filed by the wife on August 26, 1955. Sixty-eight days later an answer and cross-complaint was filed by the husband. At the date of the hearing of the petition to modify the previous order of June 3, 1955, no answer to the cross-complaint had been filed, although some 162 days had passed. An answer to the cross-complaint was ultimately filed on June 26, 1956. The case is now at issue and set for pretrial hearing on April 18, 1957.

The husband contends that the wife failed to sustain the burden of showing a change of circumstances since the making of the original order. The evidence did show, however, that she was now apparently being attended by a psychiatrist and another doctor. She was apparently being attended by the psychiatrist for what she said was being "emotionally upset," and by the second doctor for what she stated the doctor said was a "near ulcer." She further testified that she now drove her automobile 25,000 miles per year, or over 2,000 miles per month. Further, in an affidavit, she set forth that she once was employed by I. Magnin for two or three months in 1950 for $165 per month, that she hasn't worked since, and does not expect to work in the future. She also stated that she required $30 per month for beauty treatments and care.

At the original hearing the wife stated that she had lived in

California up to a period of approximately six weeks before securing her divorce from her then husband. She was extremely vague and uncertain as to just how long she had been in Las Vegas, Nevada, immediately prior to her marriage on June 20, 1953, but that she was certain that she had been there at least six weeks. She did not recall whether she had closed her bank account in California when she left the state, or whether she had registered to vote in Nevada, and she believed, however she was not sure, that she took her clothing to Nevada. Furthermore, it was shown that since the prior order the husband's obligations were decreased $250 per month by reason of the termination of alimony to a previous wife in the sum of $350 per month, but increasing his child support charge by $100 per month. The assets of the husband were disclosed to be about $400,000, consisting of $180,000 in securities, and $220,000 in three trusts of which he is the beneficiary.

We are of the opinion that under the circumstances it was within the discretion of the trial court to raise the allowance for the support and maintenance of the wife from $400 to $475 per month. Under the facts and circumstances of this case, the court apparently found, among other things, that the wife was in need of some additional psychiatric or other treatment, and well he might have so found. It is true that any other judge might very well have rejected the petition of the wife for any increase on the evidence which was presented. There is, however, in our opinion, an insufficient showing to demonstrate a clear abuse of discretion, and unless there is such a clear abuse, the order should not be disturbed on appeal. (*Sweeley* v. *Sweeley*, 28 Cal.2d 389 [170 P.2d 469].) The court did not exceed the bounds of reason.

Next considering the matter of the allowance for additional attorney's fees, Sidney Traxler, the first attorney for the wife, appeared as a witness in the hearing to modify the original order. He testified that the reasonable value of the services rendered to the wife by him was the sum of $1,500. He stated that he had expended seventy hours on the case and that his rate was $30 per hour. The witness said that he did not have the record of the seventy hours work with him. Counsel for the husband requested of the judge that he make an order that Traxler bring his office records concerning the services he rendered to the wife to the court, to the end that he could be cross-examined thereon. The judge apparently did not state that he would not make such an

order as requested, but the fact remains that he did not so order Traxler to bring to the court his books and records concerning the time expended on the case. Appellant contends that it was prejudicial error not to grant his request. We are of the opinion that there is no merit to the contention.

In the case of *Rose* v. *Rose,* 109 Cal. 544, at page 546 [42 P. 452], the court said, in reference to an order for additional attorney's fees: "As the value of the services and the pecuniary condition of the defendant are elements entering into the determination by the court of the amount which it will direct to be paid, the court would naturally require some evidence upon these points, and, unless it is made to appear that the order was made without any evidence, or without any opportunity on the part of the husband to be heard, and that it is of such a character as on its face to be inordinate in amount, it must be assumed that the discretion of the court has been properly exercised. The mere absence from the record of the evidence upon which the order was based does not authorize its reversal. The appellant must show that error has been committed. In taking the evidence for the purpose of fixing the amount of the allowance, the court is not trying an issue in the case, but is seeking for information as the basis of its order, and is not bound by the technical rules of evidence applicable to controversies between contesting litigants." And at pages 545-546, the court said: "The court cannot know at the commencement of the action the amount of labor that will be required, or the value of the services to be performed in the prosecution or defense of the action on behalf of the wife, and there is no rule of procedure which requires it to fix the entire amount of counsel fees at the beginning of the action, or to prevent it from making allowances from time to time as the exigencies of the case shall seem to demand."

There is, of course, no rule which expressly limits a wife to representation by a single attorney (*Armstrong* v. *Armstrong,* 81 Cal.App.2d 322 [183 P.2d 905]). Furthermore, if counsel had been so minded, he could, during the recess, have subpoenaed whatever records he desired.

We are further of the opinion that there is no merit to the contention of the husband to the effect that the stipulation at the hearing in 1955 to fix the balance of the attorney's fees at the time of trial precluded the court from making the modification order as was done here. There was a change of circumstances and the court exercised its discretion.

This case fairly well points up the difficulties which can, and do, arise when matters are unduly delayed. Perhaps there is something which is not apparent on the face of the record in this case, but it would seem that it is an ordinary separate support and maintenance, annulment or divorce case and probably could have been heard long ago if there had been just a little diligence exercised.

The order is affirmed.

White, P. J., and Doran, J., concurred.