[Civ. No. 20586.   First Dist., Div. Two.   Feb. 19, 1963.]

ADELE M. FRANK, Plaintiff and Respondent, v. ROY MARSHALL FRANK, Defendant and Appellant.

---

*Retired judge of the superior court sitting pro tempore under assignment by the Chairman of the Judicial Council.

Raymond H. Levy for Defendant and Appellant.

Jefferson E. Peyser and Max R. Kahn for Plaintiff and Respondent.

SHOEMAKER, J.—Defendant appeals from that portion of an interlocutory decree of divorce ordering him to pay plaintiff's attorney's fees. Defendant's sole contention is that the court erred in fixing the amount of these fees without requiring any showing of the specific services performed by plaintiff's attorney and without permitting defendant to cross-examine plaintiff's attorney or to produce other evidence as to the amount of work actually performed by him.

The action came on for trial at 11 a.m. on October 17, 1961. Prior to the giving of any testimony, court and counsel retired to chambers for a discussion which lasted until the noon recess. When court reconvened at 2 p.m., counsel for both parties informed the court that they had reached an agreement during the noon hour as to alimony, child custody and support, and the manner in which the property should be distributed. After the plaintiff and her corroborating witness had testified briefly, counsel for plaintiff stated that the sole matter remaining was his request for attorney's fees. He then informed the court that he had already received $2,500 on account, and that he considered an additional sum of $17,500 would constitute adequate compensation for his services. He stated that the parties owned an extensive amount of community property; that he had worked on the case constantly since May 1, 1961; that there had been numerous tax problems in connection with the property settlement agreement, and also numerous conferences with his client and with opposing counsel. In addition, he had appeared at the hearing for pendente lite orders, two pretrial conferences, and the trial itself. He estimated that he had spent "several hundred hours" working on the case.

Counsel for defendant then examined plaintiff's counsel under Code of Civil Procedure, section 2055, and established that the "actual equity" of the parties' community property was somewhere between $475,000 and $480,000, and that the time he had spent with his client was somewhere above three hundred hours. He stated that he did not always keep records and was unable to be more exact.

The trial judge then invited counsel to confer with him in chambers. Following a brief recess for this purpose, the trial

judge announced that he did not intend to permit a long and detailed examination concerning the minutes and hours which plaintiff's counsel had devoted to telephone calls and other matters connected with the case; that he had sufficient experience in cases of this nature to determine what would constitute a reasonable fee and that, in any event, he had already acquired sufficient evidence by virtue of the file on this particular case. When defendant's counsel inquired whether he was precluded from calling either plaintiff or her counsel as a witness, the court replied that he was. The court then took the matter under submission. Pursuant to the interlocutory decree, attorney's fees for plaintiff's counsel, inclusive of the amounts already paid him, were set at $12,500.

Appellant contends that the amount of this award is unreasonable. He argues that the record contains no indication of what specific services were rendered by respondent's counsel except for his own unsworn statements to the effect that the case was a complex one which required considerable work on tax problems and numerous conferences with his client and opposing counsel, and urges that since the trial court cannot be deemed to have relied on these unsworn statements, there was no evidentiary support whatever for the award of $12,500. This argument is wholly without merit.

The California courts have repeatedly held that testimony or other direct evidence of the reasonable value of attorney's services need not be introduced because such evidence is necessarily before the trial court which hears the case. (*Jones* v. *Jones* (1955) 135 Cal.App.2d 52, 64 [286 P.2d 908] ; *Lewis & Queen* v. *S. Edmondson & Sons* (1952) 113 Cal.App. 2d 705, 708 [248 P.2d 973].) The knowledge and experience of the trial judge afford a sufficient basis for fixing the amount of a lawyer's fee, even though there was no specific evidence on the subject. (*Rosenthal* v. *Rosenthal* (1961) 197 Cal.App.2d 289, 299 [17 Cal.Rptr. 186] ; *Howard* v. *Howard* (1956) 141 Cal.App.2d 233, 238 [296 P.2d 592].)

In the present case, the trial judge specifically stated that he was familiar with the file on the case and that he had had sufficient experience to determine what would constitute a reasonable fee under the circumstances. Further, he had respondent's counsel's testimony that he had devoted in excess of three hundred hours to actual work on the case. These facts preclude us from saying that $12,500 was an unreasonably large fee for these services.

Although appellant contends that the court committed prejudicial error in refusing to permit him to conduct a detailed examination of respondent and her counsel, the cases lend no support to his contention. In *Rose* v. *Rose* (1895) 109 Cal. 544, 546 [42 P. 452], it is stated that the trial court, in taking evidence for the purpose of fixing attorney's fees, is not bound by technical rules of evidence, since it is not trying an issue in the case and is merely seeking information upon which to base its order. (Also see *Foster* v. *Foster* (1956) 147 Cal.App.2d 338, 342 [305 P.2d 152]; *Rosenthal* v. *Rosenthal, supra,* at p. 295.) In the present case, the trial judge stated that he was curtailing appellant's examination of respondent and her counsel in order to avoid prolonging the trial for the sole purpose of hearing detailed evidence as to each telephone call and other specific service which respondent's counsel had performed in connection with the case. Appellant's counsel made no offer of proof to the contrary. In our opinion, the trial judge had sufficient information upon which to base the award, and since the fee set is certainly not inordinate on its face, appellant has not sustained his burden of showing prejudice as a result of the court's refusal to allow further questioning.

Judgment affirmed.

Kaufman, P. J., and Agee, J., concurred.