[Civ. No. 25095.   First Dist., Div. Two.   Aug. 20, 1969.]

ADELE M. FRANK. Plaintiff and Appellant, v. ROY MARSHALL FRANK, Defendant and Respondent.

M. Maroni Smith for Plaintiff and Appellant.

Kathryn Gehrels and Henry B. Nathan for Defendant and Respondent.

SHOEMAKER, P. J.—This is an appeal by plaintiff Adele Frank from an order recalling and vacating a writ of execution for monies allegedly due plaintiff as alimony, and denying plaintiff's motion for an order impressing a lien and amending the writ of execution.

The defendant Roy Frank first contends that plaintiff's notice of appeal was not timely filed. The difficulty with defendant's position is that he has failed to furnish this court with any record that supports in any manner the various arguments presented by him, and from the record before us we conclude the appeal was properly taken.

Turning to the merits of the appeal, the facts show that on November 30, 1961, plaintiff obtained an interlocutory decree of divorce on the ground of defendant's extreme cruelty. Said decree approved and incorporated therein the provisions of a property settlement agreement whereby the parties had made a complete disposition of their property but had not undertaken to provide for alimony or support. Specifically, said agreement provided that it "shall not mean or be construed to preclude any claim of either party upon the other for support and/or maintenance as husband and wife, respectively. . . ."

The interlocutory decree of divorce awarded plaintiff support and maintenance in the amount of $700 per month for a period of 48 months "irrespective of any remarriage by said plaintiff. . . ." Defendant was also required to pay $200 per month for the support of the parties' minor child and attorney's fees in the total amount of $12,500.

Defendant husband thereafter appealed solely from that portion of the decree requiring him to pay the attorney's fees. This court upheld the award of attorney's fees and affirmed the judgment. (*Frank* v. *Frank* (1963) 213 Cal.App.2d 135 [28 Cal.Rptr. 687].) On March 8, 1963, a final decree of divorce, which incorporated all of the provisions of the interlocutory decree, was entered.

On April 1, 1966, plaintiff obtained a writ of execution in the amount of $24,359.98 on account of alimony allegedly due and unpaid. Subsequently, on May 18, 1966, plaintiff moved for an order impressing a lien on defendant's property to implement enforcement of the alimony provision contained in the final decree of divorce and also moved to amend the writ of execution to encompass unpaid child support. In support of said motion, plaintiff filed the declaration of her attorney to the effect that defendant had failed to pay child support for the month of July 1965 and that after plaintiff remarried on

March 23, 1963, defendant had ceased to make any further alimony payments subsequent to March 31, 1963.

Defendant, in reply, filed a declaration in which he denied that he was under any obligation to pay plaintiff alimony subsequent to her remarriage on March 23, 1963; averred that he had in fact paid $200 in child support for the month of July 1965, in that he was entitled to credit for an overpayment in that amount because he had paid plaintiff $700 in alimony for the month of March 1963, despite the fact that her remarriage had taken place nine days prior to the end of that month, on March 23, 1963. Defendant also denied that he had ever entered into any agreement, at the time of the divorce proceedings, that alimony payments to his wife should not cease upon her remarriage, and he affirmatively averred that his attorney had assured him that the language in the divorce decree to the effect that such payments should continue for four years "irrespective of any remarriage" was beyond the jurisdiction of the divorce court.

On June 3, 1966, defendant moved for an order recalling and quashing the writ of execution previously obtained by plaintiff on the ground that the issuance of same was beyond the court's jurisdiction. Said motion was supported by a further declaration of defendant to the effect that plaintiff's attorney had added the words "irrespective of any remarriage by said plaintiff" to the alimony provision of the interlocutory decree without the consent of defendant or his attorney; that defendant had never agreed to any such provision in writing; that he did not appeal from that portion of the decree because his attorney had assured him that in the absence of any such written agreement, his obligation to pay alimony would cease upon plaintiff's remarriage; that his obligation to pay alimony had in fact ceased on March 23, 1963, and that he was not in arrears in the payment of either alimony or child support.

Plaintiff thereafter filed a declaration to the effect that on the date of the divorce hearing, she, defendant and their respective attorneys had agreed that she should receive alimony for four years irrespective of any remarriage and that defendant had been asked at the hearing whether the parties had reached an agreement and he had replied that they had.

Defendant filed a counterdeclaration denying the facts averred by plaintiff. The attorney who had represented defendant at the divorce hearing also filed a declaration denying that there was any agreement that plaintiff's right to

alimony should continue beyond her remarriage. He also averred that he did not appeal from the alimony provision in the interlocutory decree because he considered it void.

The court thereafter held a hearing at which the transcript of the 1961 divorce hearing was introduced into evidence, and the parties also testified as to their recollection of the events which took place prior to the entry of the interlocutory decree.

The record of the divorce hearing shows that prior to the taking of any testimony, the parties and their counsel retired to chambers with the trial judge from 11 a.m. until the noon recess (*Frank* v. *Frank, supra,* at p. 136). When court reconvened at 2 p.m., counsel for both parties informed the court that they had reached an agreement during the noon hour as to alimony and child support (*Frank* v. *Frank, supra,* at p. 136). The reporter's transcript shows that when the court was advised that plaintiff was willing to accept $700 per month alimony for a set period of four years, it questioned her in some detail as to her understanding of the fact that she was forever waiving her right to come back into court, at the expiration of the four-year period, and ask for further alimony. She indicated that she fully understood the consequences of such a provision. Although both parties and their respective counsel indicated that they had agreed that the alimony award was to be for a period of "four years certain," there was no discussion whatever as to the effect, if any, of plaintiff's remarriage upon defendant's duty to pay alimony. The clause "irrespective of remarriage" first appeared in the interlocutory decree of divorce.

Defendant testified that he never at any time agreed, either orally or in writing, that his obligation to pay alimony should continue after his wife's remarriage. He knew that the alimony award was to be for a period of four years and admitted that the term "four years certain" could have been used at the divorce hearing. He corroborated the averments of his declaration as to the alimony and child support payments he had made and the fact of the alimony overpayment for the month of March 1963, which he had credited toward one month's child support. He admitted that plaintiff had originally demanded alimony in the amount of $900 per month but had agreed, during the noon recess of the divorce hearing, to accept $700 per month for a period of four years. It was stipulated that defendant's testimony as to the amount of child support and alimony payments he had made was correct.

Plaintiff testified that she had originally asked for $900 or $950 per month alimony but had subsequently agreed to accept $700 per month. She recalled that when the parties returned to court following the noon recess in the divorce hearing, they stated that they were all in agreement as to alimony and child support.

On December 20, 1966, the court denied plaintiff's motion for an order impressing a lien on defendant's property and for an order amending the writ of execution. The court also granted defendant's motion for an order recalling and vacating plaintiff's writ of execution on the ground that defendant's obligation to pay alimony had terminated, under Civil Code, section 139, upon plaintiff's remarriage.

The evidence in the instant case conclusively establishes the lack of any written agreement between the parties to the effect that plaintiff's right to alimony should continue beyond the date of her remarriage. Further, we find no merit in plaintiff's contention that the provision in the interlocutory and final decrees pertaining to the four-year payments which defendant was required to make irrespective of plaintiff's remarriage can be deemed a ''supplemental or augmented distribution of property. . . .'' The parties' property settlement agreement, as above noted, thoroughly allocated all their various assets between them and was approved and incorporated in the interlocutory and final decrees of divorce. Moreover, the $700 per month payments awarded plaintiff are expressly designated in both decrees as being for her ''support and maintenance.''

■■■ Under these circumstances, the alimony award in the divorce action was in excess of the court's authority under Civil Code, section 139, which provided at the time of the 1961 divorce proceedings (and still provides) in pertinent part that ''Except as otherwise agreed by the parties in *writing,* the obligation of any party in any decree, judgment or order for the support and maintenance of the other party shall terminate . . . upon the remarriage of the other party.'' (Italics added.)

Although it would appear to follow that the lower court was entirely correct in refusing to enforce plaintiff's right to receive alimony accruing subsequent to the date of her remarriage, such is not necessarily the case, since it must first be determined whether defendant, having failed to challenge the alimony award on appeal from the interlocutory divorce

decree, was entitled to attack it collaterally in the instant proceeding.

It is the general rule in this state that a final judgment or order is res judicata even though contrary to statute where the court has jurisdiction of both the subject matter and the parties. (*Pacific Mut. Life Ins. Co.* v. *McConnell* (1955) 44 Cal.2d 715, 725 [285 P.2d 636]; *Signal Oil etc. Co.* v. *Ashland Oil etc. Co.* (1958) 49 Cal.2d 764, 777 [322 P.2d 1]; *Hollywood Circle, Inc.* v. *Department of Alcoholic Beverage Control* (1961) 55 Cal.2d 728, 733 [13 Cal.Rptr. 104, 361 P.2d 712].) As stated in 1 Witkin, California Procedure (1954) pages 411-412, ''If there is. jurisdiction of the subject matter and the parties, one who complains of the act is usually before the court. He has an opportunity to object, or to have the judgment or order reviewed by the usual methods of direct attack, such as new trial or appeal. . . . In brief, there are adequate methods of direct attack on such judgments, and there is almost a presumption of negligence on the part of the aggrieved party who fails to seek these normal remedies and later raises the objection by collateral attack.

''If this analysis is sound, acts merely in excess of jurisdiction, by a court having jurisdiction of the subject matter and parties, should not be subject to collateral attack unless exceptional circumstances precluded an earlier and more appropriate attack.''

In *Farley* v. *Farley* (1964) 227 Cal.App.2d 1, 8-9 [38 Cal. Rptr. 357], the court approved the above rule, but then went on to point out that the failure to appeal, while precluding collateral attack in some circumstances, is not an automatic bar. The court noted that defendant's failure to appeal from the divorce decree was the ''most significant circumstance'' militating against him, but further noted that under the particular facts he was not barred from a subsequent collateral attack upon the property award because his failure to appeal had resulted in no change of position on the part of his former wife and reversal on appeal could not have resulted in a redistribution of assets between the parties. (*Farley* v. *Farley, supra,* at pp. 9-10.)

In the instant case, the court in the prior divorce proceeding had jurisdiction over the subject matter and the parties and its alimony award was erroneous only in the sense that it was contrary to statute. It presents a situation directly converse to that in the *Farley* case and the defendant herein, having failed to challenge the alimony award by direct

appeal, must, in fairness, be held barred from collaterally attacking it. The record shows that although defendant did appeal from a portion of the interlocutory decree and although both he and his counsel were admittedly convinced that the alimony award was void insofar as it was to continue in effect beyond the date of plaintiff's remarriage, defendant deliberately chose not to raise this point on appeal. There can be no question that if defendant *had* raised the point on appeal and had obtained a reversal of the alimony provision in the decree, the trial court, upon remand, would have had the power to award plaintiff a higher monthly sum as alimony, particularly since plaintiff and defendant both testified in the instant proceeding that she had earlier demanded an award of $900 per month and the trial judge in the divorce action seemed doubtful of the wisdom of her decision to accept an alimony award of $700 for a set period of four years. It appears to us that defendant deliberately pursued a strategy which, if successful, would allow him both to have his cake and eat it. By failing to challenge the alimony award on appeal, he encouraged plaintiff to rely upon its validity, preserved for his own benefit the automatic four-year termination provision which would obviously have been highly favorable to him had plaintiff not remarried within that period and, at the same time, gambled upon the fact that if she *did* remarry within four years, he could attack the alimony award collaterally and prevail in any event.

Under the particular circumstances here present, defendant has not brought himself within any exception to the general rule prohibiting collateral attack upon a judgment or order rendered by a court which did not lack fundamental jurisdiction over the parties or the subject matter.

The order recalling and vacating plaintiff's writ of execution, and denying her motion for an order impressing a lien on defendant's property and amending the writ of execution to encompass child support, is reversed.

Agee, J., and Taylor, J., concurred.

A petition for a rehearing was denied September 19, 1969, and respondent's petition for a hearing by the Supreme Court was denied October 15, 1969.