[No. AO15449. First Dist., Div. Three. Aug. 1, 1983.]

DAVID K. DUDMAN, Plaintiff and Respondent, v.
THE STATE OF CALIFORNIA, Defendant and Appellant.

### Counsel

Richard G. Rypinski, Lee Tyler, Robert J. DeFea and Kenneth G. Nellis for Defendant and Appellant.

R. Jay Engel, Juan M. Simon and Engel & Babcock for Plaintiff and Respondent.

### Opinion

**FEINBERG, J.**—Plaintiff Dudman was allegedly injured when he struck a guy wire which stretched across a street in San Francisco. He filed suit naming several defendants, including the State of California.

The state moved for summary judgment and defense costs under Code of Civil Procedure section 1038.[1] The trial court rendered summary judgment

---

[1]Code of Civil Procedure section 1038 reads: "(a) In any civil proceeding under the California Tort Claims Act or for indemnity or contribution in any civil action, the fact finder, upon motion of the defendant or cross-defendant, shall, at the time of the granting of any summary judgment or nonsuit dismissing the moving party other than the plaintiff, petitioner, cross-complainant, or intervenor, determine whether or not the plaintiff, petitioner, cross-complainant or intervenor brought the proceeding with reasonable cause and in the good faith belief that there was a justiciable controversy under the facts and law which

and found that Dudman did not bring this action against the state in good faith and with reasonable cause within the meaning of section 1038. The judgment denies the state's request for defense costs, however, "for the reason that [the state's] moving papers do not contain sufficient information to enable the Court to determine the amount of defense costs. [The state's] request to file a further declaration to enable the Court to determine defense costs is also denied."

The state appeals from the portion of the judgment which denies defense costs under section 1038.

### Evidence of Defense Costs

■ The state's moving papers do not include a valuation of defense costs. There is, however, sufficient information from which to fix a costs figure. "The California courts have repeatedly held that testimony or other direct evidence of the reasonable value of attorney's services need not be introduced because such evidence is necessarily before the trial court which hears the case. [Citations.] The knowledge and experience of the trial judge afford a sufficient basis for fixing the amount of a lawyer's fee, even though there was no specific evidence on the subject. [Citations.]" *Frank* v. *Frank* (1963) 213 Cal.App.2d 135, 137 [28 Cal.Rptr. 687]. See also *Clejan* v. *Reisman* (1970) 5 Cal.App.3d 224, 241 [84 Cal.Rptr. 899].) The same is true as to other items of defense costs including those listed in subdivision (b) of section 1038.[2]

---

warranted the filing of the complaint, petition, cross-complaint, or complaint in intervention. If the fact finder should determine that the proceeding was not brought in good faith and with reasonable cause, an additional issue shall be decided as to the defense costs reasonably and necessarily incurred by the party or parties opposing the proceeding, and the court shall render judgment in favor of that party in the amount of all reasonable and necessary defense costs.

"(b) 'Defense costs,' as used in this section, shall include reasonable attorneys' fees, expert witness fees, the cost of services of experts, advisers, and consultants in defense of the proceeding, and where reasonably and necessarily incurred in defending the proceeding. The court may direct a separate trial at the conclusion of the proceeding on the issue of defense costs.

"(c) This section shall be applicable only on motion made prior to the discharge of the jury or entry of judgment, and any party requesting the relief pursuant to this section waives any right to seek damages for malicious prosecution. Failure to make such motion shall not be deemed a waiver of the right to pursue a malicious prosecution action.

"(d) This section shall only apply if the defendant or cross-defendant has made a motion for summary judgment or nonsuit and the motion is granted."

[2]In a particular case, the record may not reflect the use of "experts, advisors, and consultants" or other reasonable and necessary services which were in fact employed by the moving party in the course of putting on a defense. This does not mean, however, that *no* costs may be awarded; the moving party is entitled to a judgment for as much of its costs as is supported by the evidence.

The judge's disinclination to glean a costs figure from the record coupled with his refusal to allow the state time to prepare a costs declaration effectively precluded an award under section 1038. This does not comport with the mandatory language of the statute: Under subdivision (a), once it has been determined that suit was not brought in good faith and with reasonable cause, as occurred here, the amount of defense costs is an issue which "*shall* be decided . . . and the court *shall* render judgment" awarding costs to the moving party. (Italics added.) The statutory mandate is emphasized by subdivision (b) which authorizes the court to conduct a separate trial on the issue of defense costs if necessary.

The record discloses that there was fairly extensive discovery. Dudman argues that the state was obligated to test the merit of the action before incurring the expense of extensive discovery by moving expeditiously for summary judgment. Having failed to do so, according to Dudman, the state's discovery costs were not "reasonably and necessarily incurred" within the meaning of section 1038. In effect, respondent asserts that the state should have ascertained, before discovery, that his complaint for damages against the state was "not brought in good faith and with reasonable cause." It would seem the height of irony to allow such an argument to lie in respondent's mouth.[3]

Respondent would have this court believe that the trial judge adopted this theory; Dudman asserts that the reason the judge denied the state defense costs was because "the Court determined that fees incurred by [the state], in addition to the costs of suit, had not been reasonable and incurred by necessity pursuant to California Code of Civil Procedure § 1038." He concludes that the court's ruling satisfies the requirements of section 1038.

Dudman's representation of the trial court's reasoning is without support in the record. It is refuted by the judge's precise and unambiguous rationale expressed in the judgment.

The portion of the judgment which denies the state defense costs under Code of Civil Procedure section 1038 is reversed and the cause is remanded. The trial court is directed to determine the amount of reasonable and nec-

---

[3]In fact, the state demurred to the complaint but its demurrer was overruled.

essary costs incurred by the state in its defense and render judgment in favor of the state for that amount.

Scott, Acting P. J., and Barry-Deal, J., concurred.