[No. A051187. First Dist., Div. Four. Oct. 9, 1991.]

In re the Marriage of MARGO and DAVID McQUOID.
DAVID McQUOID, Appellant, v.
MARGO JORGENSEN, Respondent.

**COUNSEL**

David McQuoid, in pro. per., for Appellant.

James R. Mayo for Respondent.

**OPINION**

POCHÉ, J.—Appellant David McQuoid (hereafter husband) appeals from a judgment of dissolution ending his marriage to Margo Jorgensen (hereafter wife) and from the order directing him to pay child support of $500 per month for each of their two minor children, $500 per month in spousal support, and $2,000 of wife's attorney fees. We affirm the judgment and the order.

As outlined in the statement of decision the parties were married for 14 years and have 2 young daughters. In 1978 wife, who is a registered nurse, ceased working. Shortly before trial of the dissolution she was hired as a nurse in a probationary position at a net salary of about $2,000 a month.

Husband is a self-employed consultant in the computer industry. The compensation and expense declaration he filed with the court gave his annual salary for the previous year as $54,000. He also stated, however, that in the first six months of the present year he had averaged a gross monthly income of only $3,500 per month. At trial husband was unable to provide any documentary evidence of his income after 1981. He testified that during the last six months he had spent substantial time making repairs on real property owned by the daughters, but containing three rental housing units one of which husband was occupying. The three units gross a total rent income of $1,225 per month.

From 1981 on neither husband nor wife filed tax returns. As of the time of trial wife had retained a tax attorney and was attempting to remedy her tax delinquencies which amount to $15,000. Husband had likewise received notification from the Internal Revenue Service that it would be pursuing the collection of his back taxes for the years 1980, 1981 and 1982 in a sum exceeding $100,000.

## DISCUSSION

Husband contends that the trial court erred in applying Civil Code section 4721.[1] That section provides for determining the parental ability to pay mandatory minimum child support. It directs the trial court to ascertain "annual net disposable income of each parent" which is "computed by deducting from his or her annual gross income the actual amounts attributable only to . . . state and federal income taxes attributed to the parent. Federal and state income tax deductions shall bear an accurate relationship to the tax status of the parties . . . ." (§ 4721, subd. (a)(3)(A).) Husband argues that he was entitled to deduct from his gross income his tax liability, regardless of whether he pays those sums to the taxing authorities. In short he construes the language "taxes attributed to the parent" to mean tax liability as accrued regardless of whether the sums are in fact paid in taxes.

The trial court was unconvinced; so are we. The purpose of section 4721, subdivision (a)(3)(A) is to ascertain the amount of "net disposable income." To that end it directs the court to take account of retirement or disability deductions, mandatory health insurance premium deductions, union dues, and other child support obligations in addition to state and federal income

---

[1]Unless otherwise indicated all further statutory references are to the Civil Code.

taxes. (§ 4721, subd. (a)(3).) The list is a limited one designed to include only those expenses the parent must meet or deductions the parent must accept from his or her gross income. If, however, a self-employed individual refuses to pay taxes and those tax moneys are not withheld from his or her pay it is inappropriate to exclude those sums from a calculation designed to ascertain net income.[2]

The trial court here made an express finding that husband "willfully refuses to make estimated tax payments." Husband challenges this finding as unsupported by the evidence. When husband was asked if he had paid income or self-employment tax in 1989 he responded that he was not required to do so. On cross-examination he was asked, "Okay. So you are telling the court there is no requirement that you have to pay income tax or self-employment tax; correct? [Answer] That's my understanding. I have no requirement, yes." Husband went on to explain that he receives "compensation" and not "income" for his consulting service and that his compensation is not taxable income. From this evidence the trial court could reasonably conclude that husband who admittedly does not make income tax payments willfully refuses to do so. There was substantial evidence to support this finding.

Husband contends that the trial court's orders were in effect punishment for his failure to pay income tax. The record fails to substantiate his claim. The statement of decision expressly states that "regular payment of [husband's] tax liabilities would constitute a change of circumstances justifying a modification." This order is completely consistent with the trial court's interpretation of section 4721; so long as the tax liability is not paid it cannot be deducted from gross income. Additional inquiry by the court into the subject of tax liability was occasioned by its need for some documentary evidence of gross income which is normally verified by tax returns. (§ 4721, subd. (a)(4).) Finally, the amount of the child support ordered was slightly below that in the county support schedule for a parent with a disposable income of $4,500 a month. The county support guidelines called for spousal support in the amount of $581, and the trial court awarded support of $500 per month. We are unpersuaded that the court's orders were fashioned as sanctions for husband's failure to pay income taxes. Should he begin paying taxes he can, as the trial court suggested, move for modification of the support order.

■ Apart from the question of taxes, husband contends that the trial court erred in assuming his monthly net income to be $4,500, a figure which,

---

[2]Husband's contention that the amounts of his present income which represent tax liability cannot be equated with discretionary income is irrelevant to our inquiry. The section speaks only of "annual gross income" and "annual net disposable income" and precisely defines what sums may be taken from the former in order to reach the latter.

he argues, did not represent his present earnings. The trial court had only two documents showing husband's compensation before it—the forms on which his two employers reported payments to him of some $55,000 for the 1989 tax year. Husband presented no documentation for the current year except his own testimony that he had been earning substantially less or approximately $3,500 per month rather than the $4,500 per month of the previous year. However, he conceded that in the last few months he had spent substantial periods of time repairing the rental property held in the children's name, rather than in consulting. We are unpersuaded that the court erred in finding husband's gross monthly income to be $4,500. In this instance because of the paucity of evidence husband offered in support of his income figures the trial court could reasonably conclude that the gross monthly income figures for 1989 were a more accurate reflection of husband's income than the amounts he had received in the previous six months when he had devoted substantial time to noncompensated activity.[3]

■ He further argues that the trial court failed to take into account the expenses associated with his consulting activity. He does not elaborate in his brief (nor did he do so before the trial court) upon the nature or amount of those expenses. However, in his income and expense declaration he did claim monthly automobile expense of $150, office equipment replacement and supplies of $250, and telephone expense of $175. Presumably those expenses were at least in part attributable to his consulting activity. Income and expense declarations standing alone without oral testimony are a sufficient basis for an order. (*Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479, 485 [114 Cal.Rptr. 356].) Here the trial court did consider husband's consulting costs insofar as those costs were included in his claimed monthly expenses of $1,930.

■ Husband objects to the support order's failure to show what percentage of time the children will spend with each parent. A requirement for such findings was imposed as of March 1, 1991. (Cal. Rules of Court, rule 1274 (c)(2).) However, as of the date of the order appealed from there was no requirement for the court to make such a finding. There was therefore no error.

■ Husband asserts that wife was erroneously granted a hardship deduction of $500 per month for the monthly amounts she was paying in back income taxes. Wife's income and expense declaration did, indeed, seek a

---

[3]Insofar as husband objects to the use of the $4,500 figure in proceedings postdating the dissolution judgment and the accompanying spousal and child support orders, we express no opinion. Husband has appealed only from the dissolution and all orders subsequent to it are not properly before us.

hardship deduction of $500 per month for the amount she expected to be paying in back income taxes. At the time of this hearing section 4725 provided that a parent "experiencing extreme financial hardship" would be entitled to deductions from income. (§ 4725; operative term made contingent by 1990 amendment: Stats. 1990, ch. 1493, § 21.) The only types of expenses which were recognized as "hardship expenses" were those attributable to "extraordinary health expenses," "uninsured catastrophic losses," and support obligations to other children. The statutory list is an exclusive one, not subject to expansion by the trial court. (*County of San Diego* v. *Sierra* (1990) 217 Cal.App.3d 126, 133 [265 Cal.Rptr. 749].)

Thus, had the trial court granted wife a hardship deduction for her back taxes, it would have erred. However, as we read the record it did no such thing. Husband's counsel brought out during his examination of wife the fact that the claim was for taxes, not for support of minor children, health care nor for catastrophic loss. At which point the trial court interjected, "Unless you consider taxes to be a catastrophic loss." Clearly the court's interjection was humorous, rather than legal commentary. The hardship request was not part of wife's total monthly expense claim of $2,185. There is nothing in the record to demonstrate that the court granted wife a hardship deduction for her tax payments.

■ Husband argues that wife's nursing income is adequate to meet "basic living costs." He maintains that her expense claim is inflated because it includes "desirable" costs as well as "necessary" ones. He apparently refers to the fact that wife's expense declaration estimated rent payments of $850 a month, although she was admittedly paying far less because she and her daughters were living in the home of wife's mother who was also providing free child care. Husband's argument apparently is since his mother-in-law is subsidizing his wife and children's living expenses he has no support obligation for the value of that subsidy. He misconstrues the law.

In awarding spousal support the court is obliged to consider a number of factors including "[t]he needs of each party based on the standard of living established during the marriage." (§ 4801.) Obviously housing and child care costs are also part of husband's child support obligation as amounts for "support [and] maintenance." (§ 4700, subd. (a)(1).) Reasonable rent and child care costs were appropriately considered in determining wife's monthly expenses.

■ Husband asks this court to find the attorney fee award of $2,000 to have been erroneous. He complains specifically that there was no memorandum of costs to support the amounts claimed by wife.

Direct evidence of the reasonable value of an attorney's services need not be introduced "because such evidence is necessarily before the trial court which hears the case." (*Frank* v. *Frank* (1963) 213 Cal.App.2d 135, 137 [28 Cal.Rptr. 687].) Absent a request for a statement of decision as to how attorney fees were computed the complaining party has waived any failure to provide such a computation. (*In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 280 [268 Cal.Rptr. 83].)

Wife asked for an award of attorney fees and at trial her counsel told the court that his fee would be about $3,000. He explained that wife had already paid him $1,700 from her share of community assets. Thus, he calculated wife's total fee expense for the dissolution at about $4,500. Counsel's statements to the court were sufficient to establish the value of his services. While husband objected to many of the findings in the tentative statement of decision he made no such objection to the calculation of the attorney fee award. Accordingly we deem him to have waived any error which may have occurred.

The judgment of dissolution entered August 8, 1990, and its attendant order of spousal and child support are affirmed.

Anderson, P. J., and Reardon, J., concurred.