Filed 12/8/23  Robertson v. Robertson CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| SIOBHAN ROBERTSON,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>ERIC ROBERTSON, SR.,<br><br>        Defendant and Respondent. | A162142<br><br>(Contra Costa County Superior<br> Court Case No. MSD15-03598) |

Plaintiff Siobhan Robertson (Wife) appeals from a judgment entered in her marriage dissolution proceeding with defendant and respondent Eric Robertson, Sr. (Husband) following a court trial.  Wife contends the trial court erred by:  (1) holding that certain figurines were not "artwork" covered by the parties' settlement agreement; and (2) denying her request for additional attorney fees and costs without making the express findings required by Family Code sections 2030 and 2032.[1]  We reverse the denial of fees and costs but affirm in all other respects.

## I.  BACKGROUND

In 2015, Wife filed a petition for legal separation.  Husband filed a response and requested a dissolution of their marriage.

_____

[1] All further statutory references are to the Family Code.

At a settlement conference on April 8, 2019, the parties reached agreement on various issues, including the division of artwork owned by them, and entered into a stipulation. As relevant to this appeal, the stipulation included a section titled "Artwork"—which specified that "[t]he parties agree that the artwork will be continued to be held by Husband as a life estate, but shall be transferred to the children . . . upon his death" and that "Husband shall not sell or otherwise dispose of the artwork, except as otherwise agreed to by Wife and/or the children." The stipulation also identified a number of unresolved issues, including "Wife's personal property allegedly still in the possession of the Husband." The trial court reserved jurisdiction over these issues and ordered the parties to meet and confer in good faith to resolve them.

After he and Wife were unable to reach agreement on the issues left unresolved by the stipulation, Husband filed a motion for, among other things, sanctions against Wife and for Wife to respond to his settlement proposal. The trial court ordered the parties to meet and confer by March 13, 2020 to see if they could settle those issues.

On March 13, 2020, Wife sent a settlement proposal to Husband. The proposal did not, however, request the division of any disputed property allegedly still in the possession of Husband. Husband responded by, among other things, offering to pay "$34,636 to resolve the remaining property items," including all disputed household and personal property items. Wife did not agree to this proposal and requested a second walkthrough of the marital home to see what property remained in dispute. Husband did not agree to her request. Instead, he asked that Wife send a list of specific items she believed were "still outstanding."

On November 10, 2020, Wife provided a list of property items she had taken from the marital home as well as "[t]hings still in the house that [she] would like split." (Bolding omitted.) The list of items Wife still wanted to split included furniture, exercise equipment, television and media equipment, "DVD's and CD's," a "[p]istol [Husband] bought for [her]," as well as "Figurines (Jade and Marble)" and "2 Masai figurines by Stacy Beck" (collectively, the Figurines). Husband offered to let Wife take two items from her list (a bedroom set and a television) but not the Figurines. In response, Wife proposed to let Husband retain all "the household furniture and miscellaneous personal property items" that were still in the home in exchange for $25,000 in attorney fees. Husband did not accept her proposal.

During a one-day trial over the remaining property in dispute, Wife's request for attorney fees and costs, and Husband's request for sanctions, the trial judge commented that the parties should have resolved their remaining differences before trial and that they would "probably have to start all over again with another judge" if the trial did not finish that day because of her imminent retirement.

At trial, Wife testified that she considered the Figurines to be "artwork" covered by the stipulation. She also testified as to the value of the property items that she still wanted split. The trial judge urged the parties to resolve the division of those items during a break. Following the break, Wife's attorney informed the judge that the parties agreed that Husband would pay Wife $2,000 to retain "all the items still in the family residence exclusive of the artwork that's been disposed of by their" stipulation. Wife's attorney then asked whether the Figurines were "artwork" covered by the stipulation, and Husband's attorney responded that he believed that the $2,000 payment would resolve "everything," including Husband's ownership of the Figurines.

The judge observed that, because of the continued dispute over the Figurines, there was no deal between the parties and commented that she understood "why [Husband's counsel] thought [$]2,000 took care of this whole issue because artwork is a personal property asset."

During closing arguments, Husband's attorney pointed out that Wife had listed the Figurines "under personal property . . . [which] strongly suggests that they were not included" as artwork covered by the stipulation. The trial judge agreed that Wife had listed the Figurines as "additional personal property" she wanted to split and ruled that they were therefore not covered by the stipulation.

With respect to attorney fees and costs, Wife submitted an Income and Expense Declaration stating under penalty of perjury that she had paid her attorney $9,000 in fees and still owed him $42,903 in fees and costs as of December 3, 2020. Husband had previously paid Wife $6,000 for her fees. Wife did not attach any billing statements to support the amount she claimed she owed her attorney. But she testified that she incurred about $20,000 in fees between April 2019 and December 3, 2020.

Wife's counsel highlighted that Husband's income was $261,380 in 2019, and $245,155 to date in 2020. By contrast, Wife's income during that same time period consisted of Social Security disability benefits, a disability pension, and $2,200 a month in child support. Wife's attorney further stated that Wife was the sole provider for her disabled adult daughter, who did not receive any governmental benefits. Wife's attorney argued that Husband should "be ordered to" contribute to her attorney fees "based on his ability to pay, based on the circumstances of the case, and based on [Wife's] need."

Husband's attorney conceded that Husband had the ability to pay Wife's attorney fees but argued that the amount requested was unreasonable

4

and should be denied given Wife's delays in resolving the case and the fact that the parties had reached a settlement in November 2020 before Wife asked for more property. The trial judge denied Wife's fee request in its entirety. In support, the judge *only* stated that "there was no evidence to support that the fees were reasonable." The judge also denied Husband's request for sanctions.

A judgment for dissolution was entered, and Wife timely appealed.

## II. **DISCUSSION**

A. <u>Substantial Evidence Supports the Trial Court's Finding that the Figurines Were not "Artwork" Covered by the Stipulation</u>

Wife contends the trial court's finding that the Figurines were not "artwork" covered by the parties' stipulation is not supported by substantial evidence. We disagree.

"In a substantial evidence challenge to a judgment, the appellate court will 'consider all of the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference, and resolving conflicts in support of the [findings].' [Citations.] We may not reweigh the evidence and are bound by the trial court's credibility determinations. [Citations.] Moreover, findings of fact are liberally construed to support the judgment." (*Estate of Young* (2008) 160 Cal.App.4th 62, 76.)

Here, there is substantial evidence that the stipulation did not cover the Figurines. That stipulation provided that "the *artwork* will be continued to be held by Husband as a life estate, but shall be transferred to the children [] upon his death." (Italics added.) It did not, however, define the term artwork or identify any specific artwork like the Figurines covered by its terms. By contrast, roughly six months after agreeing to the stipulation, Wife included the Figurines among "[t]hings still in house that" she wanted

5

to split, indicating that she, herself, did not believe that the Figurines were covered by the stipulation.  (Bolding omitted.)  This apparent admission by Wife provides sufficient evidence to support the trial court's finding.

That Wife "was unequivocal in her testimony that the [F]igurines were part of the artwork that was resolved by the stipulation" does not compel a contrary conclusion.  As the reviewing court, we do not reweigh the evidence.  (*Estate of Young, supra*, 160 Cal.App.4th at p. 76.)  Thus, her conflicting testimony at trial has no bearing on our review for substantial evidence.  (*In re Madison S.* (2017) 15 Cal.App.5th 308, 321.)

B. <u>The Trial Court Erred in Denying Wife's Request for Attorney Fees</u>

Both parties agree that the trial court's denial of attorney fees and costs to Wife should be reviewed for abuse of discretion.  (*In re Marriage of Sorge* (2012) 202 Cal.App.4th 626, 662.)  Wife, however, contends the court abused its discretion because it did not make the express findings required by section 2030.  Husband counters that Wife forfeited this contention and that the failure by the court to make those findings was not prejudicial.  We agree with Wife and reverse the denial of her fee request.

### 1.  *Sections 2030 and 2032*

Under sections 2030 and 2032, a trial court in a dissolution action "is empowered to award [attorney] fees and costs between the parties based on their relative circumstances in order to ensure parity of legal representation in the action."  (*In re Marriage of Falcone & Fyke* (2012) 203 Cal.App.4th 964, 974.)  In exercising that power, "the court *shall* make findings on whether an award of attorney's fees and costs under this section is appropriate, whether there is a disparity in access to funds to retain counsel, and whether one party is able to pay for legal representation of both parties.  If the findings demonstrate disparity in access and ability to pay, the court *shall* make an

6

order awarding attorney's fees and costs." (§ 2030, subd. (a)(2), italics added.) These findings must be express (*In re Marriage of Morton* (2018) 27 Cal.App.5th 1025, 1050), and the absence of such express findings requires reversal if there is prejudice (*id. at* p. 1051). Prejudice exists if there is "a reasonable probability that in the absence of the error, a result more favorable to the appealing party would have been reached." (*Soule v. General Motors Corp.* (1994) 8 Cal.4th 548, 574.)

A trial court may only award attorney fees that are "reasonably necessary" to maintain or defend the proceeding (§ 2030, subd. (a)(1)) and that are "just and reasonable under the relative circumstances of the respective parties" (§ 2032, subd. (a)). In determining what is just and reasonable, the court "shall" consider the circumstances listed in section 4320, including the parties' respective earning capacities (§ 4320, subds. (a), (c)) and "[a]ny other factors the court determines are just and equitable" (§ 4320, subd. (n)).

### 2. *Forfeiture*

Husband argues that Wife forfeited the argument that explicit findings are required under section 2030 by not raising it at trial. Wife does not dispute that she failed to raise the issue at trial but urges this court to exercise its discretion to decide the issue. Because the facts are undisputed and because Wife's entitlement to attorney fees and costs under those undisputed facts implicate the due administration of justice, we exercise that discretion here. (See *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["A court of review has discretion to consider an issue not raised in the trial court to the extent it presents a pure question of law or involves undisputed facts"]; *Velasquez v. Centrome, Inc.* (2015) 233 Cal.App.4th 1191, 1211 ["the principles underlying forfeiture of claims on appeal may yield

7

when matters involving the public interest, or the due administration of justice are implicated"].)

### 3. *Prejudice*

Husband does not dispute that the trial court failed to make the express findings required by sections 2030 and 2032. Instead, Husband contends there was no prejudice because the court properly concluded that there was no evidence to support the amount of fees requested by Wife. This contention lacks merit.

As a threshold matter, we note that, under section 2030, subdivision (a)(2), Wife was, as a matter of law, entitled to recover her reasonable and necessary attorney fees and costs because of the "disparity in [their] access" and "ability to pay." Husband does not appear to dispute this. Indeed, Husband concedes that "the issue of disparity of income was not really a matter of contention at the trial" and acknowledged at trial that he had the ability to pay Wife's fees and costs. In any event, the undisputed evidence establishes a significant disparity in their access and ability to pay, requiring an award of fees and costs under section 2030, subdivision (a)(2).

Nonetheless, the trial court denied Wife's request for attorney fees and costs in its entirety solely because it found that "there was *no evidence* to support that the fees were reasonable." (Italics added.) In making this finding, the court stated that Wife had provided "*nothing* [to] support[] what goes into" the amount of fees she had requested. (Italics added.) But "testimony or other direct evidence of the reasonable value of [an] attorney's services [did] not need be introduced because such evidence is necessarily before the trial court which hears the case." (*Frank v. Frank* (1963) 213 Cal.App.2d 135, 137.) Where, as here, the court is aware of the extent and nature of the legal services rendered, it may rely on its own experience and

knowledge in determining their reasonable value. (*In re Marriage of Jovel* (1996) 49 Cal.App.4th 575, 588; *In re Marriage of Cueva* (1978) 86 Cal.App.3d 290, 300.) Moreover, Wife submitted an Income and Expense Declaration, confirmed by her attorney. In that Declaration, she stated, under penalty of perjury, that she had paid her attorneys $9,000 and that she still owed her attorney $42,903 in fees and costs. This too provides a sufficient basis for a fee award. (See *Steiny & Co. v. California Electric Supply Co.* (2000) 79 Cal.App.4th 285, 293 ["An attorney's testimony as to the number of hours worked is sufficient evidence to support an award of attorney fees, even in the absence of detailed time records"].) Finally, the amount of fees incurred by Husband in the dissolution proceeding provides an additional benchmark for calculating any reasonable and necessary fees incurred by Wife. (*See Maughan v. Google Technology, Inc.* (2006) 143 Cal.App.4th 1242, 1251 [holding that attorney fees incurred by opposing party is relevant for determining reasonable fees incurred by requesting party].) Thus, contrary to the court's finding, there was ample evidence to support some award of fees and costs to Wife.

That the trial court erroneously believed that there was no competent evidence to support any award of attorney fees and costs to Wife is further supported by the trial court's comments about the apparent inadequacy of the attorney billing records submitted by Husband. Those comments suggest that the court believed that the amount of fees Wife requested had to be supported by detailed billing records. But time records and billing statements are *not* required for a fee award. (*Weber v. Langholz* (1995) 39 Cal.App.4th 1578, 1587 [absence of time records and billing statements does not deprive trial court of substantial evidence to support an award].)

Because the trial court's ruling is based on an erroneous legal finding—

9

that there was "*no* evidence" to support *any* award of fees and costs to Wife— we find that the court abused its discretion in denying Wife's request for attorney fees. (See *Rodriguez v. Menjivar* (2015) 243 Cal.App.4th 816, 820 [" 'a discretionary order based on an application of improper criteria or incorrect legal assumptions is not an exercise of informed discretion and is subject to reversal' "].) For this same reason, we cannot conclude that it is reasonably probable that the court would have made the same ruling but for its erroneous legal finding. Indeed, it is reasonably probable that the court would have awarded Wife at least some fees and costs if it had made the requisite findings establishing Wife's entitlement to fees and considered the relevant evidence supporting the amount of fees and costs she had requested.

### III. <u>DISPOSITION</u>

The denial of Wife's request for attorney fees and costs is reversed. Because "no purpose would be served by remanding to the trial court with instructions to make explicit findings" as to the disparity in the parties' access to funds to retain counsel and Husband's ability to pay Wife's attorney fees and costs, we remand solely to determine the amount of fees and costs, if any, that should be awarded to Wife under sections 2030 and 2032. (*In re Marriage of Morton*, *supra*, 27 Cal.App.5th at p. 1054.) The judgment is affirmed in all other respects. Wife is entitled to her costs on appeal.

CHOU, J.

WE CONCUR:

JACKSON, P.J.
BURNS, J.

*Robertson v. Robertson* / A162142

11