[No. F006475. Fifth Dist. Mar. 5, 1987.]

MARY LOU MARTINEZ, Plaintiff and Appellant, v.
COUNTY OF TULARE et al., Defendants and Respondents.

1432

**COUNSEL**

Randall C. Lyon for Plaintiff and Appellant.

Lita O'Neill Blatner, County Counsel, and Kathleen Bales-Lange, Deputy County Counsel, for Defendants and Respondents.

OPINION

SCOTT (C. F.), J.*—On August 6, 1984, appellant was discharged from her employment with the County of Tulare for violating a county personnel rule. After a hearing before an independent administrative law judge, appellant's dismissal was upheld by the Tulare County Board of Supervisors on April 16, 1985.

On July 12, 1985, appellant filed a petition for writ of mandate seeking review of her dismissal and reinstatement. This petition was answered on August 30, 1985.

The petition for writ of mandate was denied on October 8, 1985. A formal judgment and order regarding this denial was filed on October 16, 1985. A timely notice of appeal was filed on December 2, 1985.

FACTS

Appellant was employed as a welfare service aide II for the County of Tulare in the Department of Public Social Services (DPSS). In this position, she worked exclusively for child protective services. Appellant's duties primarily involved transporting children to court, to their foster parents' homes, or taking them to various appointments.

During the summer of 1982, appellant also worked at Jolly Kone, a fast-food restaurant, to earn extra income. At this time, appellant was also receiving welfare benefits. In September of 1982, appellant twice failed to list her income from Jolly Kone when applying for these benefits. As a result, appellant's benefit checks were for an amount more than she was entitled to receive. Appellant's error was discovered by DPSS at the end of September of 1982. Although appellant was slowly paying back the overpayment, formal charges for welfare fraud (Welf. & Inst. Code, § 11054) were filed against her on October 31, 1983.

Appellant testified she believed that if she pleaded guilty to one count of misdemeanor welfare fraud, she would be able to keep her job. Appellant eventually did plead guilty to one count of misdemeanor welfare fraud (Welf. & Inst. Code, § 11483/Pen. Code, § 17, subd. (b)) on November 23, 1983.

At this time, DPSS was without a permanent director. Soon after the new director, Mehl Simmons, arrived, he reviewed various personnel matters. Among these matters was appellant's conviction for welfare fraud. Consid-

---

*Assigned by the Acting Chairperson of the Judicial Council.

ering this conviction to be a violation of county personnel rule 14.1, which allows dismissal, demotion, or suspension for behavior that "reflects discredit upon the public service," Simmons concluded dismissal would be appropriate. After being given notice of this fact and an opportunity to respond, appellant was dismissed on October 6, 1984.

## DISCUSSION

### I WAS THE FAILURE TO ISSUE A STATEMENT OF DECISION PREJUDICIAL?

■ Appellant contends that because the trial court failed to respond to her request for a statement of decision, the presumption that findings support the judgment cannot be relied upon. Appellant's "request" is found in her points and authorities supporting her petition for a writ of mandate. "Alternatively the court is requested to review the record and exercise its independent judgment and determine that the proponderance [sic] of evidence does not support any finding that there was harm, impairment or disruption to the public service or to the conduct of petitioner in her job function; and further find that the evidence establishes that respondents imposed discipline that was substantially in excess of the harm imposed by the misconduct; and find that the misconduct was not serious enough to require dismissal; and find that there was no evidence that the misconduct was likely to reoccur; and to find that the evidence establishes that petitioner had a long excellent employment history mitigating against dismissal; and find that there is no evidence of aggravating circumstances sufficient to require dismissal."

Pursuant to Code of Civil Procedure section 632, written findings of fact and conclusions of law are not required unless a party makes such a request within 10 days after a tentative ruling is announced, or, if the trial lasts less than one day, a request is made prior to submission of the matter. A request for a statement of decision must be in writing, unless otherwise agreed, or it can be made orally on the record when the trial is completed within one day.

The record indicates the trial did not exceed one day. Although appellant had the opportunity, in this situation, to make an oral request on the record for a statement of decision, apparently no request was made. We are not presented with a transcript of the hearing where arguments were presented. The minute order for the hearing states only that the matter was submitted. There is no notation indicating that a request for a statement of decision was made orally.

Appellant's contention that the language from her points and authorities constitutes a request for a statement of decision must fail. Furthermore, the

language does not specifically ask for a statement of decision. The language, which is the closing paragraph of the points and authorities, seems to merely ask the court to find in a manner favorable to appellant. We must make a mental jump to conclude that it also asks for a statement of decision. Based on the above discussion, appellant waived any objection based on the failure to file a written statement of decision. (Code Civ. Proc., § 632.)

II Is Tulare County Personnel Rule 14.1 Unconstitutional?

Appellant was dismissed from her job with the County of Tulare for violating personnel rule 14.1. The relevant portion of rule 14.1 provides: "Any permanent employee in the competitive or project service may be dismissed, demoted or suspended for cause, and such cause shall be based upon incompetence, or upon employee conduct which reflects discredit upon the public service, or employee, the effective performance of the duty assignments of other County officers or employees or with the effective performance of the department in which employed."

Appellant contends rule 14.1 is unconstitutionally vague, and cannot, therefore, be used as a basis for her dismissal. ■ It is a basic principle of constitutional due process that an ordinance or statute will be declared unconstitutionally vague if its prohibitions are not clearly defined. (*Pringle* v. *City of Covina* (1981) 115 Cal.App.3d 151, 157 [171 Cal.Rptr. 251].) The standards set by the legislation must be ascertainable to a person of common intelligence. (*Ibid.*; see also *Roth* v. *United States* (1957) 354 U.S. 476, 491 [1 L.Ed.2d 1498, 1510-1511, 77 S.Ct. 1304].) However, this court must reasonably construe legislation in a manner that will preserve its constitutionality. (*Pringle* v. *City of Covina, supra,* at p. 158.) Thus, a statute or ordinance should not be held void as vague if any reasonable or practical construction can be given its language. (*Ibid.*)

■ Appellant's challenge of rule 14.1 is that it does not provide specific notice of what conduct is prohibited. Statutory language very similar to that found in rule 14.1 has been held constitutional by the California Supreme Court. In *Nightingale* v. *State Personnel Board* (1972) 7 Cal.3d 507 [102 Cal.Rptr. 758, 498 P.2d 1006], the court was concerned with the wording of Government Code section 19572. Government Code section 19572 provides in relevant part: "Each of the following constitutes cause for discipline of an employee, or person whose name appears on any employment list:

"*.* . . . . . . . . . . . . . . . . .

"(t) Other failure of good behavior either during or outside of duty hours which is of such a nature that it causes discredit to the appointing authority or the person's employment."

The *Nightingale* court found this language constitutionally sound by interpreting it to require a violation, the nature of which reflects badly upon the employee's position. (*Id.* at pp. 512-513.) Another court stated the rule as follows: "Discipline pursuant to the quoted statute must be based on more than failure of good behavior; it must be of such a nature as to reflect upon his job. That is, it must bear some rational relationship to his employment and must be of such character that it can easily result in the impairment or disruption of the public service." (*Warren* v. *State Personnel Bd.* (1979) 94 Cal.App.3d 95, 104 [156 Cal.Rptr. 351].)

Appellant is employed as a welfare service aide II with the County of Tulare. She works exclusively for Child Protective Services and is not directly involved with helping applicants obtain welfare benefits. On November 23, 1983, appellant pleaded guilty to one count of misdemeanor welfare fraud. Approximately nine months after pleading guilty, appellant was terminated from her job. The long period of time between the guilty plea and appellant's dismissal was largely due to changes in directorship for DPSS.

It is difficult to believe appellant would not have known that committing welfare fraud could bring discredit to the County of Tulare. Although appellant does not, as part of her job, actually assist welfare recipients with their applications for benefits, she does, just by the nature of her job, come into contact with numerous people who receive some form of aid from the county. Furthermore, appellant was a county employee who defrauded the same county she worked for. This type of misconduct clearly has a rational relationship to employment with the county and is the type that could impair the public service. Rule 14.1, under these facts, is not constitutionally vague.

III DOES SUBSTANTIAL EVIDENCE SUPPORT THE DETERMINATION APPELLANT VIOLATED RULE 14.1?

 When reviewing an administrative decision by way of a writ of mandate, and the decision affects substantially a fundamental vested right, the trial court must exercise its independent judgment to determine whether the evidence supports the findings. (*Strumsky* v. *San Diego County Employees Retirement Assn.* (1974) 11 Cal.3d 28, 44 [112 Cal.Rptr. 805, 520 P.2d 29].) Independent review requires the trial court to make its own deter-

mination based on the evidence presented at the administrative hearing. When independent review is undertaken at the trial level, the function of the appellate court is to decide whether credible and competent evidence supports that court's judgment. (*Dresser* v. *Board of Medical Quality Assurance* (1982) 130 Cal.App.3d 506, 510-511 [181 Cal.Rptr. 797]; *Yakov* v. *Board of Medical Examiners* (1968) 68 Cal.2d 67, 69 [64 Cal.Rptr. 785, 435 P.2d 553].) All conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged to uphold the verdict if possible. (*Ibid.*)

■ The evidence presented by the county consisted mostly of testimony offered by the director of DPSS and the officer in charge of personnel services for DPSS. Mehl Simmons, the director of DPSS, did not take over that job until approximately five months after appellant pleaded guilty to misdemeanor welfare fraud. Simmons first learned of appellant's conviction in late May of 1984 when he reviewed her personnel file. At this time, Simmons determined termination would be appropriate given the nature of appellant's job. Furthermore, because appellant's job put her in constant contact with people receiving aid from the county, Simmons felt her conviction for misdemeanor welfare fraud could reflect badly on the county.

Bernice Lawson, the personnel services officer for DPSS, testified about appellant's job description. Among the duties required of a welfare service aide II is the duty to assist clients in identifying possible needs for social services and referring clients to appropriate staff members at DPSS for completing aid applications. Lawson stated that she reported appellant's conviction to the assistant director as soon as she learned of it. After this meeting, Lawson took the matter to the county counsel for advice. Lawson does not know why action was not taken on appellant's case. However, Lawson did state that other pending personnel cases also were left untouched while a new director was being sought. Appellant's case ultimately was brought up during a formal meeting with the new director when he was being updated on personnel matters.

Also entered into evidence was a document filed in the Tulare County Municipal Court in which appellant pleads guilty to the crime of misdemeanor welfare fraud. The form shows appellant entered her plea voluntarily and with knowledge of the elements of the crime and the potential consequences. An element of Welfare and Institutions Code section 11483 is that the fraud be committed intentionally.

Appellant testified on her own behalf that she forgot to list the income from her second job because she was under pressure financially and personally. When the overpayment was discovered, appellant made arrangements

to pay it back slowly. Appellant stated she pleaded guilty so the charge would be dropped to a misdemeanor. Appellant thought by doing this she would prevent the possibility of losing her job even though her act was not intentional. Regarding her duties, appellant stated she had no knowledge regarding the types of aid available and did not counsel the people she came into contact with to seek aid.

Again, this court must view the evidence with the purpose of finding substantial evidence to support the findings. It is not the function of this court to reweigh the evidence and resolve the factual conflicts. (*Emerick* v. *Raleigh Hills Hospital* (1982) 133 Cal.App.3d 575, 580 [184 Cal.Rptr. 92].)

Although appellant denies committing the fraud intentionally, she signed a document in court admitting intent. Simmons testified as to problems they were having with perceptions that county employees were committing welfare fraud and the image this presented to the public. Lawson provided details regarding appellant's job including the duty to be informed as to the various types of aid available.

While the evidence is conflicting, the record seems to offer substantial evidence to support the conclusion appellant violated rule 14.1.

IV WAS TERMINATION AN EXCESSIVE PUNISHMENT FOR VIOLATING RULE 14.1?

Appellant believes termination is an excessive form of punishment in her case, and that a suspension or transfer to another department would have been more appropriate.

■ Reviewing courts do not disturb penalties imposed by an administrative agency unless there has been an abuse of discretion. (*Skelly* v. *State Personnel Bd.* (1975) 15 Cal.3d 194, 217 [124 Cal.Rptr. 14, 539 P.2d 774].) "Neither an appellate court nor a trial court is free to substitute its discretion for that of the administrative agency concerning the degree of punishment imposed." (*Barber* v. *State Personnel Bd.* (1976) 18 Cal.3d 395, 404 [134 Cal.Rptr. 206, 556 P.2d 306].) The fact reasonable minds could have differed as to the propriety of the penalty imposed will only strengthen the conclusion the administrative body acted within its discretionary power. (*Blake* v. *State Personnel Board* (1972) 25 Cal.App.3d 541, 553 [102 Cal.Rptr. 50].) However, if the penalty is excessive when compared to the facts and circumstances of the case, this court is not powerless to act. (*Ibid.*)

*Yancey* v. *State Personnel Bd.* (1985) 167 Cal.App.3d 478 [213 Cal.Rptr. 634] concerned a dismissal for a violation of Government Code section

19572, subdivision (t). The *Yancey* court stated that when considering whether there was an abuse of discretion in the context of public employee discipline, the overriding consideration is the extent to which the employee's conduct results in harm to the public service. (*Id.* at p. 487.) The circumstances surrounding the misconduct and the likelihood of reoccurrence should also be considered. (*Ibid.*)

Some examples of courts which have upheld dismissals include (1) *Parker* v. *State Personnel Bd.* (1981) 120 Cal.App.3d 84 [174 Cal.Rptr. 333], where a CYA group supervisor was dismissed for violating the same laws he was required to enforce when he admitted marijuana in loose form found in his house belonged to him; (2) *Hooks* v. *State Personnel Bd.* (1980) 111 Cal.App.3d 572 [168 Cal.Rptr. 822], where a state correctional officer was also dismissed for possessing marijuana and hashish; (3) *Maynard* v. *State Personnel Bd.* (1977) 67 Cal.App.3d 233 [136 Cal.Rptr. 503], another correctional officer was dismissed when she was convicted for making threatening phone calls to her former husband's girlfriend; and (4) *Orlandi* v. *State Personnel Bd.* (1968) 263 Cal.App.2d 32 [69 Cal.Rptr. 177], where a highway patrol officer was dismissed for attempting to "fix" a ticket for a friend. In each case, the harm to the public service was obvious.

Cases which have reversed decisions to dismiss for being excessive include *Vielehr* v. *State Personnel Bd.* (1973) 32 Cal.App.3d 187 [107 Cal.Rptr. 852], where a tax representative trainee was dismissed for off-duty possession of marijuana. The court felt there was a failure to prove an obvious relationship between the conviction and the duties of the employee. Also, in *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d 194, the court felt it was excessive to dismiss a doctor for taking extended lunch hours and leaving the office for several hours without permission, because the board failed to show how this conduct inconvenienced others or prevented the doctor from effectively performing his duties. Finally, in *Blake* v. *State Personnel Board, supra,* 25 Cal.App.3d 541, a deputy labor commissioner for the Department of Industrial Relations was ordered reinstated after being dismissed for pointing a gun at an individual and warning him to stay away from a female attorney. The evidence at the hearing indicated this was an isolated episode and there was little likelihood the conduct would reoccur. Under these circumstances, the court held the dismissal to be an excessive form of punishment. (*Id.* at p. 554.)

There was certainly more than a rational connection between appellant's conduct and her employment. Such conduct, whether off-duty or on-duty, cast discredit upon the employee, the County of Tulare's DPSS, and the community in general attempting to provide for the general welfare of its needy citizens.

Appellant takes the position that this behavior would not reoccur based upon the fact that it happened only once. In fact, appellant committed the action twice, but more importantly, she was caught the same month she commenced her fraud. Appellant's argument that there is minimal likelihood of reoccurrence is not persuasive.

Finally, termination is not too severe a penalty for an employee who, under these particular facts, defrauds his employer. As stated in *Skelly* v. *State Personnel Bd., supra,* 15 Cal.3d at page 218, "the overriding consideration in these cases is the extent to which the employee's conduct resulted in, or if repeated is likely to result in, '[h]arm to the public service' [citations]." The fiduciary obligation of respondent to preserve the integrity of this public service firmly requires removal of an employee who commits the precise conduct respondent is required to prevent. The record below substantially supports this result.

The judgment is affirmed.

Franson, Acting P. J., and Hamlin, J., concurred.

A petition for a rehearing was denied April 6, 1987.