[No. H003421. Sixth Dist. Mar. 7, 1989.]

SOCIAL SERVICE UNION, LOCAL 535, SEIU, AFL-CIO, Plaintiff and Appellant, v.
COUNTY OF MONTEREY et al., Defendants and Respondents.

COUNSEL

Vincent A. Harrington, Jr., and Van Bourg, Weinberg, Roger & Rosenfeld for Plaintiff and Appellant.

Ralph R. Kuchler, County Counsel, and W. Allen Bidwell, Deputy County Counsel, for Defendants and Respondents.

OPINION

ELIA, J.—In this case we are asked to decide whether a trial court committed reversible error in failing to issue a written statement of decision after a request from counsel following a one-day trial, and whether respondent Monterey County Department of Social Services' institution of a policy of "protected time" for its employees was a mandatory subject of bargaining under the Meyers-Milias-Brown Act (hereinafter referred to as MMBA), Government Code section 3500 et seq. We need not reach the latter issue, since we conclude that counsel's request for a statement of decision was timely made, and that the trial court's failure to issue such a statement was reversible error.

## FACTS

Appellant is the collective bargaining agent for employees of respondent. The question of "protected time," or time in which eligibility workers could work on eligibility and grant determinations free of interruptions, had arisen in various forms since 1974. In October 1986, respondent established an ad hoc committee to study the use of protected time and to make recommendations to its director. In February 1987, appellant notified respondent of its position that protected time was the subject of the meet and confer provisions of the MMBA, Government Code section 3505. Respondent took the position that it was not required to meet and confer with appellant on this matter. Meanwhile, the committee's recommendations had been put in the form of a draft administrative directive which stated that "The Processing Time policy was developed in order to improve service to our clients, to standardize a system which is equitable for all our staff and to provide for handling emergencies," and designated 8 to 10 a.m. as uninterrupted processing time for all eligibility caseworkers, with certain exceptions.

On April 30, 1987, appellant notified respondent of its position that "the structure of the time within the starting and quitting times" was a bargaining topic under the MMBA. Receiving no response, on June 4, appellant filed its petition for an alternative writ of mandate in superior court.

The hearing on the petition took place on June 26, 1987, and lasted less than one day. After the court announced its decision from the bench, the union orally requested a statement of decision. A written request was also made. On July 13, in a written order, the court denied the request. The order stated the court's belief that it gave a sufficient statement from the bench explaining its reasons for denying the petition. Appellant appealed both the judgment denying the writ petition and the court's refusal to issue a written statement of decision.

## DISCUSSION

Initially, appellant argues that the trial court's failure to issue a written statement of decision is reversible error. It alleges that the court's statement on the record did not adequately articulate the reasons for its decision and that a written statement of decision was required to explain the factual and legal basis for the court's ruling. Respondent counters that the court need not have issued a statement of decision because appellant's request was untimely. We must review these arguments in light of the record, and of the requirements of Code of Civil Procedure section 632.

In 1987, Code of Civil Procedure section 632 stated in pertinent part: "Upon the request of any party appearing at the trial, made within 10 days after the court announces a tentative decision, or if the trial has lasted less than one day, made prior to submission of the matter for decision, the court shall issue a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial. . . . [¶] The statement of decision shall be in writing, unless the parties appearing at trial agree otherwise; however, when the trial has been completed within one day, the statement of decision may be made orally on the record in the presence of the parties."

The record reveals that at the June 26 hearing, after counsel made arguments to the court, the court asked counsel for concluding remarks. It then engaged in a discussion with appellant's counsel concerning counsel's argument that the protected time policy was subject to the meet and confer obligation. Then, before giving respondent's counsel an opportunity to present its closing argument, the court stated: "So I'm going to let it ride on a case by case basis and have to say that the petition for relief is denied." Counsel for appellant then requested a statement of decision, and the court took the request under consideration before adjourning the hearing.

An order filed on June 26, states: "The Court's comments at the hearing constitute the statement of decision in this matter. (Code of Civil Procedure Sec. 632; Cal. Rules of Court, Rule 232.)"

On July 7, appellant submitted a written request for a statement of decision on the issues of "1. Whether the subject matter of 'protected time' is within the scope of representation as defined by Government Code § 3504? ¶2. If the subject matter of 'protected time' is within the scope of representation, whether the Union at any time, waived its rights to bargain regarding that matter, and if so in what form." This request was filed on July 13.

In a written order, filed on July 13, the trial court denied appellant's request, stating "The Court believes it gave a sufficient statement from the bench explaining its reasons for denying Petitioner's Petition."

Code of Civil Procedure section 632 allows a court the option of rendering an oral statement of decision in a case such as this where the trial lasts no more than one day. (See also 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, § 397 at p. 404; 2 Cal. Civil Procedure During Trial (Cont.Ed.Bar 1982) § 20.18 at p. 433.) We cannot conclude that this court satisfied the option, however, since its comments on the record in response to counsel's closing argument do not rise to the level of a statement of decision. Al-

though the court expressed its disagreement with appellant's contentions, it altogether failed to explain " 'the factual and legal basis for [the court's] decision as to . . . the principal controverted issues at trial.' Such an explanation is an essential element of a statement of decision." (*Miramar Hotel Corp.* v. *Frank B. Hall & Co.* (1985) 163 Cal.App.3d 1126, 1129 [210 Cal.Rptr. 114]; *People* v. *Casa Blanca Convalescent Homes, Inc.* (1984) 159 Cal.App.3d 509, 524-525 [206 Cal.Rptr. 164, 53 A.L.R.4th 661].)

■ We also reject respondent's contention that appellant's request for a statement of decision was untimely because it was made after the court announced its intended decision from the bench. Prior to January 1, 1989, no court rule comparable to California Rules of Court, rule 22.5, which defines submission of a cause pending in a Court of Appeal, had been adopted for the trial courts. Effective on that date, California Rules of Court, rule 825 (a), defines submission of a cause in a trial court as follows: "A cause is deemed submitted in a trial court when either of the following first occurs: (1) the date the court orders the matter submitted; or (2) the date the final paper is required to be filed or the date argument is heard, whichever is later."

Although rule 825(a) is not determinative here, a similar definition was provided by the California Supreme Court in *Mardikian* v. *Commission on Judicial Performance* (1985) 40 Cal.3d 473, 477 at footnote 2 [220 Cal.Rptr. 833, 709 P.2d 852]. "It is generally understood, however, that in a nonjury matter a case is submitted for decision by the judge when all of the evidence has been received and all briefs or memoranda authorized to be filed after trial have been received. (See Code Civ. Proc., §§ 632, 669; *Leavitt* v. *Gibson* (1935) 3 Cal.2d 90 [43 P.2d 1091]; *Estate of Pillsbury* (1917) 175 Cal. 454 [166 P. 11, 3 A.L.R. 1396].)" We interpret this to mean that, prior to January 1, 1989, a case was submitted when counsel's opportunities to present evidence or argument to the court were at an end. That was not the case here.

In this case the court announced its intended decision from the bench while appellant's counsel was still in the process of making its closing argument, and before respondent's counsel had an opportunity to make closing remarks. Appellant's counsel made its request for a statement of decision immediately thereafter. To hold that this request was untimely because the judge's statement effected a submission of the matter would have the absurd result of precluding a request for a statement of decision in any one-day hearing at any point after the court orally announced its intended ruling.

This analysis is supported by the distinction in Code of Civil Procedure section 632 between one-day trials and trials lasting longer than one day: for trials lasting more than one day, a timely request may be made within ten days "after the court announces a tentative decision"; for trials lasting less than one day, the request must be made "prior to submission." We conclude that counsel's request for a statement of decision in this case was made prior to submission of the matter for decision under Code of Civil Procedure section 632, and was therefore timely.

Where counsel makes a timely request for a statement of decision upon the trial of a question of fact by the court, that court's failure to prepare such a statement is reversible error. (*People* v. *Casa Blanca Convalescent Homes, Inc., supra,* 159 Cal.App.3d 509; *Miramar Hotel Corp.* v. *Frank B. Hall & Co., supra,* 163 Cal.App.3d 1126; *In re Marriage of S.* (1985) 171 Cal.App.3d 738, 748 [217 Cal.Rptr. 561]; *McCurter* v. *Older* (1985) 173 Cal.App.3d 582, 593 [219 Cal.Rptr. 104].) In its written request for a statement of decision, appellant outlined the principal controverted issues as whether protected time was a mandatory subject of bargaining under Government Code section 3504 and, if so, ". . . whether the union at any time waived its rights to bargain regarding that matter, and if so in what form." The latter issue is a question of fact, or a mixed question of fact and law. This is not a case, therefore, which presented only issues of law on which no findings would have been necessary. (See, e.g., *Enterprise Insurance Co.* v. *Mulleague* (1987) 196 Cal.App.3d 528, 540 [241 Cal.Rptr. 846]; *Healdsburg Police Officers Assn.* v. *City of Healdsburg* (1976) 57 Cal.App.3d 444, 456 [129 Cal.Rptr. 216].)

A statement of decision which adequately explained the factual and legal basis for the trial court's decision on the controverted issues would put this case in a more appropriate posture for appellate review and would materially aid this court's consideration of the issues on appeal. We will therefore remand to permit the court to issue a statement of decision. On remand, the court may either reconvene the hearing and make a statement on the record in the presence of the parties, or at its option, may issue a written statement of decision.

The judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

Cappaccioli, Acting P. J., and Cottle, J., concurred.