[No. B034484. Second Dist., Div. Seven. Mar. 29, 1990.]

In re the Marriage of SHEILA and OWUSU ANANEH-FIREMPONG.
SHEILA ANANEH-FIREMPONG, Respondent, v.
OWUSU ANANEH-FIREMPONG, Appellant.

COUNSEL

Edi M.O. Faal for Appellant.

Steinberg & Steinberg and Lawrence William Steinberg for Respondent.

OPINION

**WOODS (Fred), J.**—Husband appeals from a further judgment on reserved issues. He raises several issues regarding the orders and findings of

the trial court. The crucial issue that we are called upon to decide is whether a request for a statement of decision pursuant to Code of Civil Procedure[1] section 632 can be oral. We conclude that it can and reverse and remand with directions to issue a statement of decision regarding the method of valuation of Husband's medical practice. Other than the finding regarding the valuation of the Husband's medical practice, the rest of the judgment is affirmed in all respects.

## FACTUAL AND PROCEDURAL SYNOPSIS

Husband and Wife were married on June 7, 1978, and separated on June 13, 1984. Following a judgment of dissolution, a trial on reserved issues was held in January 1988.

### 1. The Mercedes Benz

The court found that the 1979 Mercedes Benz automobile was community property and awarded it to Husband at the value of $13,000. The court stated that it weighed heavily Husband's deposition testimony of October 1984, at which time, he had stated that the vehicle had been purchased in 1983.

Husband testified during trial that he had purchased this vehicle in November 1984, for around $10,000, that he had initially leased the vehicle for 48 months, from July 1979 through July 1983, and that in July 1983, he had extended the lease for an additional year. Husband further testified that he had confused this extension with the date of purchase when he testified at his deposition.

The pink slip for the Mercedes is dated November 3, 1984. The unsigned lease on the Mercedes showed that the outstanding balance was $15,000. At his deposition, Husband testified that he had paid $15,000 for the Mercedes.

### 2. Attorney's Fees

The court found that: "[Wife] has incurred the sum of $20,000.00 in attorney's fees in addition to such sums as have already been paid"; "it has been necessary for [Wife's] counsel to make 19 Court appearances"; "the trial in this matter has taken four days Court time"; and "[Wife's] counsel has been well-prepared during such time." Wife testified that prior to the commencement of trial, she had been advised that her legal fees were "just over $15,000."

---

[1] Unless otherwise noted, all statutory references are to the Code of Civil Procedure.

The court ordered Husband to pay Wife's legal fees based on the finding that "[Wife] is unable to pay said sum and there are not sufficient liquid assets of the parties from which such legal fees could be paid."

## 3. Accountant's Fees

The court found that with respect to Wife's accountant's fees, the sum of $7,500 was a reasonable additional fee to be paid by Husband.

Krysler, Wife's accountant, testified that as of the end of May 1987, the amount that he was owed for accounting services was $9,601.25, with more work to be done. This amount was after applying the $2,500 already ordered to be paid. Wife testified that she had received a bill of approximately $10,000 for accounting services.

## 4. Valuation of Husband's Medical Practice

The court awarded the medical practice to Husband and valued it at $282,830.

Wife's accountant, Mr. Krysler testified that on the agreed date of valuation, the value of Husband's practice was $282,430, $282,830 and $282,000.

Husband's accountant Mr. Bigelson testified that the value of Husband's medical practice was $140,000.

## 5. Statement of Decision

Just prior to the court's rendering its tentative decision, Husband's counsel stated that: "What I want to say is if the court in its analysis were to make a finding as to this business valuation—accepting one of these practitioners and totally rejecting the other—then I have to request that we have a staement [sic] of decision showing calculations so that the record is clear as to what factors were used in arriving at whatever valuation." The court responded: "If you wish to have one, you may request that in writing."

A judgment on remaining issues was entered on March 11, 1988.

Husband filed a timely notice of appeal.

## CONTENTIONS

1. The court's finding that the 1979 Mercedes Benz automobile was community property is reversible error.

2. The court's order for the payment of Wife's attorney's fees is not supported by the evidence.

3. The court's order for the payment of Wife's additional accountant's fees is not supported by the evidence.

4. The court's valuation of Husband's medical practice constitutes reversible error.

5. The court's refusal to issue a statement of decision constitutes reversible error.

## DISCUSSION

■ "In a challenge to a judgment, it is incumbent upon an appellant to present argument and authority on each point made. Arguments not presented will generally not receive consideration." (*County of Sacramento* v. *Lackner* (1979) 97 Cal.App.3d 576, 591 [159 Cal.Rptr. 1].)

Husband's brief is almost devoid of legal authority. He cites only two cases to support his five contentions on appeal. Most of his brief is nothing more than a discussion of the facts of the case with no discussion, and apparently no understanding, of the purposes of appellate review nor the function and limitations of an appellate court. Husband's brief is little more than an invitation to reweigh the evidence presented to the trial court. Wife does little better, with the bulk of her legal authority being devoted to the issue of attorney's fees.

■ "'A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (Original italics.) (*Denham* v. *Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193].)

■ "In resolving the issue of the sufficiency of the evidence, we are bound by the established rules of appellate review that all factual matters will be viewed most favorably to the prevailing party [citations] and in support of the judgment. [Citation.] All issues of credibility are likewise within the province of the trier of fact. [Citation.] 'In brief, the appellate court ordinarily looks only at the evidence supporting the successful party, and disregards the contrary showing.' [Citation.] All conflicts, therefore, must be resolved in favor of the respondent. [Citation.]" (Italics deleted.)

(*Nestle* v. *City of Santa Monica* (1972) 6 Cal.3d 920, 925-926 [101 Cal.Rptr. 568, 496 P.2d 480].)

1.  Sufficient Evidence Supports the Trial Court's Finding That the Mercedes Benz Was Community Property

With respect to a finding by the trial court that an item is separate or community property, appellate review is limited to a determination of whether there is any substantial evidence, contradicted or uncontradicted, that supports the finding. (*McLellan* v. *McLellan* (1972) 23 Cal.App.3d 343, 356 [100 Cal.Rptr. 258].)

Husband contends that the Mercedes Benz was not community property because he testified at trial that he purchased the Mercedes in November of 1984 and the pink slip was dated November 3, 1984. However, there was sufficient contrary evidence to establish that the car had been purchased in 1983, prior to the separation of the parties in June of 1984.

The court noted that it had relied upon Husband's deposition testimony, which was introduced at trial. Husband testified at his deposition that the Mercedes had been purchased in 1983. At trial, Husband claimed to have mixed up the date of purchase with the extension of the lease. The trial court was entitled to disregard Husband's trial testimony and his claimed confusion regarding his deposition testimony.

First, the deposition took place in October 1984, prior to the claimed date of purchase. Second, Husband's credibility was further called into question by his conflicting statements regarding the amount paid for the car. At his deposition, Husband claimed to have paid $15,000 for the car, which corresponded to the payout listed on the unsigned lease. At trial, he claimed to have paid around $10,000 for the car.

2.  There Was No Abuse of Discretion in the Trial Court's Ordering Husband to Pay Wife's Attorney's Fees of $20,000

Husband contends that the order for payment of attorney's fees is not supported by the evidence because the only evidence offered on the amount of the fees was Wife's testimony that prior to the commencement of trial, she had been advised that her legal fees were just over $15,000.

"It is well settled that the award of attorney fees and costs in family law matters is within the broad discretion of the trial court and that court's decision in a particular case will not be disturbed on appeal absent a clear

showing of abuse of discretion." (*In re Marriage of Bergman* (1985) 168 Cal.App.3d 742, 763 [214 Cal.Rptr. 661].)

In the instant case, the court fixed the amount of fees based on its own experience as is evident from the court's finding that Wife's counsel had made 19 court appearances, participated in a 4 day trial and been well prepared.

"The California courts have repeatedly held that testimony or other direct evidence of the reasonable value of attorney's services need not be introduced because such evidence is necessarily before the trial court which hears the case." (*Frank* v. *Frank* (1963) 213 Cal.App.2d 135, 137 [28 Cal.Rptr. 687].) "The knowledge and experience of the trial judge afford a sufficient basis for fixing the amount of a lawyer's fee, even though there was no specific evidence on the subject." (*Ibid.*)

We note that given the fundamental nature of time and unit value factors in determining an award of attorneys' fees, each factor presents a material issue upon which an explicit finding would be indispensable in any case where formal findings are mandatory, i.e., as when a statement of decision is requested by a party. (*Mandel* v. *Lackner* (1979) 92 Cal.App.3d 747, 758, fn. 6 [155 Cal.Rptr. 269].)

In this case, Husband did not request a statement of decision on the computation of attorney's fees, and thus he has waived any right to such a computation. (§ 632; *Homestead Supplies, Inc.* v. *Executive Life Ins. Co.* (1978) 81 Cal.App.3d 978, 984 [147 Cal.Rptr. 22].)

Husband also asserts that the court's findings that Wife was unable to pay the fees and that there were not sufficient liquid assets of the parties from which such legal fees could be paid was inconsistent with the court's judgment ordering Husband to pay Wife certain sums. Husband cites no legal authority to support this assertion.

Civil Code section 4370 sets out a number of factors for the court to consider when ordering one spouse to pay the legal fees of the other spouse in a dissolution proceeding. Under the Family Law Act, awards of attorney fees must be based upon the need of the recipient and the payor's ability to pay. (*In re Marriage of Bergman, supra*, 168 Cal.App.3d 742, 764.)

In determining the issue as to who should pay the respective parties' attorney fees, it is necessary that the court consider the respective income and needs of the husband and wife. (*In re Marriage of Hargrave* (1985) 163

Cal.App.3d 346, 356 [209 Cal.Rptr. 764].) The wife is not required to impair her capital to finance marital dissolution litigation. (*Ibid.*)

■ Husband does not discuss Wife's needs and expenses nor how the court's judgment would leave her with sufficient resources to pay her legal fees. In this case, Husband is a medical doctor and Wife is not employed and still attending college. Accordingly, in the absence of any showing to the contrary, we assume that the court's finding that Wife is unable to pay her legal fees is supported by sufficient evidence.

3. There Was Substantial Evidence to Support the Trial Court's Order for Husband to Pay Wife's Accountant's Fees of an Additional $7,500

■ Husband contends that there was insufficient evidence to support the court's ordering him to pay accountant's fees incurred by Wife since no billing statement was submitted by Wife's accountant and there was no testimony as to the actual services rendered, making the court's finding that $7,500 was a reasonable accountant's fee without any factual basis. Once again, Husband cites no legal authority for this contention nor does he contend that accountant's fees are not recoverable.

At the time Krysler, Wife's accountant, was examined about the bill, Krysler stated that he maintained time billing records. Husband's attorney did not object to this testimony or request that Krysler produce the bill even though he cross examined Krysler about Krysler's records. (See *In re Marriage of Hargrave, supra*, 163 Cal.App.3d 346, 352.) Furthermore, Husband did not request a statement of decision about the amount of accountant's fees owed. We conclude that Husband waived his right to attack the amount of accountant's fees by neither objecting at the time the amount was testified to nor requesting a statement of decision. (See 7 Witkin, Cal. Procedure (3d ed. 1985) Trial, §§ 388-389, pp. 396-398; 9 Witkin, Cal. Procedure, *supra*, Appeal, § 307, pp. 317-318.)

Moreover, there was sufficient evidence to support the court's finding that $7,500 was owed. Wife testified that she had received a bill for approximately $10,000, and Wife's accountant testified that as of the end of May 1987, he was owed $9,601.25 for accounting services, with more work to be done. This amount was after applying the $2,500 already ordered to be paid by the court.

4. The Court's Failure to Prepare a Statement of Decision on the Issue of the Valuation of Husband's Medical Practice Is Reversible Error

■■■ Husband contends that the trial court committed reversible error by not issuing a statement of decision as required by section 632.[2]

■■■ "Where counsel makes a timely request for a statement of decision upon the trial of a question of fact by the court, that court's failure to prepare such a statement is reversible error." (*Social Service Union, Local 535* v. *County of Monterey* (1989) 208 Cal.App.3d 676, 681 [256 Cal.Rptr. 325].)

■■■ "While a trial court issuing a statement of decision is required only to state ultimate rather than evidentiary facts it must, nevertheless, make such a statement. What is required is an explanation of the factual and legal basis for the court's decision as to the principal controverted issues at trial which are specified in the party's request for statement of decision. Where the court fails to make the required explanation reversible error results." (*McCurter* v. *Older* (1985) 173 Cal.App.3d 582, 593 [219 Cal.Rptr. 104].)

"The failure of a court to explain the factual and legal basis for its decision on a principal controverted issue, when properly raised by a party, is '. . . error of a most serious, prejudicial, and reversible nature . . . ,' provided ' " 'that there was evidence introduced as to such issue and the evidence was sufficient to sustain a finding in favor of the party complaining.' " ' " (173 Cal.App.3d at pp. 593-594.)

In the instant case, just prior to the court's rendering its tentative decision, Husband's counsel stated that: "What I want to say is if the court in its analysis were to make a finding as to this business valuation—accepting one of these practitioners and totally rejecting the other—then I have to request that we have a staement [*sic*] of decision showing calculations so that the record is clear as to what factors were used in arriving at whatever valuation."

---

[2] Section 632 provides that: "In superior, municipal, and justice courts, upon the trial of a question of fact by the court, written findings of fact and conclusions of law shall not be required. The *court shall issue* a statement of decision explaining the factual and legal basis for its decision as to each of the principal controverted issues at trial *upon the request* of any party appearing at the trial. The request must be made within 10 days after the court announces a tentative decision unless the trial is concluded within one calendar day or in less than eight hours over more than one day in which event the request must be made prior to the submission of the matter for decision. The request for a statement of decision shall specify those controverted issues as to which the party is requesting a statement of decision. . . ." (Italics added.)

Although not precisely identified as such, the crucial issue on this appeal is whether that statement is a request for a statement of decision pursuant to section 632. Wife argues that since Husband did not request a statement of decision until February 3, 1988, the request was untimely, having been made more that ten days after the oral announcement of decision on January 15, 1988. (§ 632; Cal. Rules of Court, rule 232(a).) The implication of Wife's reasoning is that a request for a statement of decision must be in writing. We note that the trial court informed Husband that: "If you wish to have one, you may request that in writing."

Former California Rules of Court, rule 232(b) provided that: " 'A request for findings of fact and conclusions of law shall be *served and filed* within 10 days after oral announcement of intended decision in open court or, if mailing of the announcement of intended decision is required, within 10 days after such mailing, or, in the case of a subsequent modification or change in the announced intended decision, within 10 days after mailing of a copy thereof.' " (Italics added.) (*Injectronics, Inc.* v. *Commodore Business Machines, Inc.* (1979) 100 Cal.App.3d 185, 187, fn. 1 [160 Cal.Rptr. 667].) However, no such language appears in the current rule.

*In re Marriage of Reilley* (1987) 196 Cal.App.3d 1119, 1125 [242 Cal.Rptr. 302], involved a one day trial, in which the husband's attorney orally requested a statement of decision after testimony had been taken. The court did not designate either party to prepare the statement of decision. The appellate court concluded that there had been reversible error and remanded for a statement of decision on the issue of child and spousal support as it was unable to determine what the trial court found husband would earn, the degree of wife's income potential or the family's need. (*Id.,* at p. 1126.) The *Reilley* court did not discuss the nature of the request, but obviously had no difficulty with the fact that the request was oral rather than written.

Although section 632 requires that a request following a one day trial must be made prior to the submission of the matter, the language pertaining to the request is still the same, the statute refers to a request, not a written request.

We are aware that in *Martinez* v. *County of Tulare* (1987) 190 Cal.App.3d 1430, 1434 [235 Cal.Rptr. 851], the court stated that: "A request for a statement of decision must be in writing, unless otherwise agreed, or it can be made orally on the record when the trial is completed within one day." However, the court cites no authority in support of this statement nor does it discuss why the request should be in writing. Furthermore, the issue of whether a request for a statement of decision must be in

writing was not before the court. In *Martinez,* which involved a trial of less than one day, the issue was whether appellant's "request" in the points and authorities supporting her petition for a writ of mandate was a request pursuant to section 632. Accordingly, we decline to follow *Martinez.*

Therefore, we conclude that an oral request for a statement of decision is permissible under section 632. Even though in this case, Husband made the request just prior to the court's oral announcement of its tentative decision rather than after the announcement, we further concluded that under the circumstances of this case, we would be being overly technical not to honor his request, which was for only one item—the calculations used to determine the valuation of Husband's medical practice.

The *Hargrave* court concluded that the trial court had not met the mandate imposed by section 632 when, despite the wife's objection to the referee's terse statement of value of the community property business, she was provided with no explanation whatsoever of the factual or legal basis of the referee's determination that the goodwill had a value of $35,000. (*In re Marriage of Hargrave, supra,* 163 Cal.App.3d 346, 354.)

An appellate court concluded that a statement of decision was grossly inadequate because, among other things, it did not reveal what, if any, figures the court determined represented the parties' incomes and expenses. (*In re Marriage of Ramer* (1986) 187 Cal.App.3d 263, 271 [231 Cal.Rptr. 647].)

The trial court here refused to issue a statement of decision and awarded the medical practice to Husband and valued it at $282,830. Under *Hargrave* and *Ramer,* such a statement is inadequate explanation of the factual and legal basis for the court's decision regarding the valuation of Husband's medical practice.

Since Husband's accountant testified to a different valuation for the medical practice, a finding in Husband's favor is possible. Therefore, we conclude that it was reversible error for the trial court to refuse to issue a statement of decision on the issue of the calculations used to determine the valuation of the medical practice.

### DISPOSITION

The judgment is affirmed in part and reversed in part. Other than the valuation of Husband's medical practice, the judgment is affirmed in all respects. The matter is remanded for the sole purpose of rendering a statement of decision by the trial court on the issue of the valuation of the

husband's medical practice under the existing evidence. Costs and attorney's fees on appeal are to be determined by the trial court.

Lillie, P. J., and Johnson, J., concurred.