[No. A113864. First Dist., Div. Two. Oct. 18, 2007.]

SHAHIRAM SHARAREH et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD, CITY OF
LAFAYETTE et al., Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of part II.C.

**COUNSEL**

Law Offices of Bryce C. Anderson, Bryce Clay Anderson; Law Offices of George W. Kilbourne and George W. Kilbourne for Petitioners.

Mullen & Filippi and Robert J. Cavallero for Respondent City of Lafayette.

Hanna, Brophy, MacLean, McAleer & Jensen and Gregory Miller Stanfield for Respondent City of Walnut Creek.

Thomas, Lyding, Cartier & Gaus and Douglas E. Starns for Respondent County of Contra Costa.

Robert W. Daneri, Suzanne Ah-Tye and David M. Goi for Respondent State Compensation Insurance Fund.

No appearance for Respondent Workers' Compensation Appeals Board.

OPINION

**KLINE, P. J.**—Shahiram and Violeta Sharareh (petitioners), successors in interest to the estate of their son Sina Sharareh (Sharareh), seek to annul an order of the Workers' Compensation Appeals Board (Board) denying their son compensation for injuries he suffered when he was shot in the throat.[1] They challenge the failure of the arbitrator[2] to prepare a summary of evidence, as well as the Board's conclusion that the injuries their son suffered were not the proximate result of work he performed as a confidential police informant and, hence, were not compensable.

In the published portion of this opinion, we discuss the legal consequences of the failure to prepare a summary of evidence, and conclude that without one, we are unable to conduct a meaningful review of the Board's order. We therefore annul the Board's order and remand the case for the preparation of a summary of evidence, and for a new order consistent with this opinion.

## I. PROCEDURAL AND FACTUAL BACKGROUND

After being shot in the throat on December 24, 1999, by an individual named Matthew Anderson (Anderson), Sharareh filed an application for workers' compensation benefits, alleging his injuries were compensable under Labor Code section 3366,[3] which provides benefits to an individual who is injured while assisting a peace officer at the officer's request. He sought recovery from the City of Lafayette, the City of Walnut Creek and Contra Costa County (collectively, respondents).

---

[1] Petitioners' son died in an unrelated incident during the pendency of reconsideration proceedings, and petitioners are his sole heirs at law.

[2] The case was heard by an arbitrator due to the unavailability of a workers' compensation judge (WCJ).

[3] All further statutory references are to the Labor Code unless otherwise stated. Section 3366, subdivision (a), provides in part that "each person . . . engaged in assisting any peace officer in active law enforcement service at the request of such peace officer, is deemed to be an employee of the public entity that he or she is serving . . . and is entitled to receive compensation from the public entity . . . ."

A contested hearing was held, and the arbitrator found that Sharareh had acted as a police informant on two occasions—first, on November 10, 1999, when he conducted a "drug buy" for Sergeant Tim Schultz (Schultz) of the Walnut Creek Police Department, and second, on December 8, 1999, when he conducted a "drug buy" for Officer Tim Barrett (Barrett) of the Contra Costa County Narcotics Enforcement Team. By contrast, the arbitrator found that Sharareh had not acted as an informant on a third occasion when he provided information about Anderson to Officer David Thys (Thys) of the City of Lafayette. Specifically, the arbitrator concluded that Sharareh's injuries were not compensable because he was not functioning as an informant for Thys at the time he was shot by Anderson. Sharareh filed a timely petition for reconsideration, claiming, among other things, that the arbitrator's failure to prepare a summary of evidence required reversal and that the arbitrator had incorrectly resolved the legal issues of causation and the elements for recovery under section 3366.

The Board granted reconsideration but ultimately upheld the decision of the arbitrator, concluding the arbitrator had erred in failing to prepare a summary of evidence, but that Sharareh had not been prejudiced by the error because he could not have prevailed even under his own statement of facts as set forth in his petition for reconsideration. Sharareh filed a petition for a writ of review, which this court granted.

## II. DISCUSSION

### A. A WCJ *Must* Prepare a Summary of Evidence in Every Case

Section 5313 provides that a WCJ shall, within 30 days after the case is submitted, issue and serve a findings and order, along with a *"summary of the evidence received and relied upon* and the reasons or grounds upon which the determination was made." (Italics added.) California Code of Regulations, title 8, section 10566, echoes this requirement: "Minutes of hearing and summary of evidence shall be prepared at the conclusion of each hearing and filed in the record of proceedings. They shall include: [¶] . . . [¶] (d) A summary of the evidence required by Labor Code Section 5313 that shall include a fair and unbiased summary of the testimony given by each witness . . . ." Because section 5313 and the parallel regulatory provision unambiguously require WCJ's to prepare this document, and an arbitrator acting as a WCJ assumes all responsibilities and duties of a WCJ (§ 5272), the Board correctly held the arbitrator erred in failing to prepare a summary of evidence.

## B. Legal Consequences of a WCJ's Failure to Prepare a Summary of Evidence

There are no appellate cases addressing the legal consequences of a WCJ's failure to prepare a summary of evidence under section 5313. Referring to this lack of case law, petitioners urge us to follow the Board's approach, akin to that used by a court in ruling on demurrers, of accepting all facts set forth in the statement of facts in Sharareh's petition for reconsideration as true, although petitioners dispute the Board's ultimate legal conclusion that their son's injuries were not compensable. Alternatively, petitioners ask us to apply the following standard used when a court in a civil case issues a deficient statement of decision: " 'The failure of a court to explain the factual and legal basis for its decision on a principal controverted issue . . . is ". . . error of a most serious, prejudicial, and reversible nature . . . ," provided " ' "that there was evidence introduced as to such issue and the evidence was sufficient to sustain a finding in favor of the party complaining." ' " ' [Citation.]" (*In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 282 [268 Cal.Rptr. 83].) Respondents, on the other hand, argue the arbitrator did not err in failing to prepare a summary of evidence because he substantially complied with the requirement by preparing other documents in which he set forth his findings and reasoning.[4]

We conclude that none of the proposed standards is appropriate in this case. Instead of simply accepting as true all facts in Sharareh's petition for reconsideration, the Board should have directed the arbitrator to prepare the requisite summary of evidence.

### 1. Demurrer standard

The use of a demurrer standard, which is designed to assess the adequacy *of a pleading*, is problematic. Under the governing statutory scheme, a reviewing court is charged, not with assessing the adequacy of a pleading, but rather with determining the lawfulness of a *final order, decision,*

---

[4] Counsel for Contra Costa County asserted for the first time at oral argument that a summary of evidence was not required under California Code of Regulations, title 8, section 10578, which provides in part: "The summary of evidence need not be filed upon waiver by the parties . . . ." Counsel conceded there was no express waiver yet asserted, without providing any authority, that petitioners "implicitly waived" their right to a summary of evidence because they did not specifically request that one be prepared. Courts will find an implicit waiver only where a party's acts " 'are so inconsistent with an intent to enforce the right as to induce a reasonable belief that such right has been relinquished.' " (*Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal.4th 1, 33–34 [44 Cal.Rptr.2d 370, 900 P.2d 619].) There is absolutely nothing in the record indicating that petitioners engaged in any conduct suggesting they waived their right to a summary of evidence, which the arbitrator was *statutorily required to prepare*, regardless of whether petitioners requested it.

*or award* of the Board. (§§ 5901, 5950, italics added.) Included within the scope of our review is a determination whether, based upon the entire record, the order, decision, or award is supported by substantial evidence. (§ 5952, subd. (d); see also *City of Oakland v. Workers' Comp. Appeals Bd.* (2002) 99 Cal.App.4th 261, 264 [120 Cal.Rptr.2d 873].) Without a summary of evidence, it is difficult, and in many cases impossible, for us to make this determination.

▪ In this regard, it is important to note that a petition for a writ of review need not, and generally does not, include a transcript of each witness's testimony. Instead, the petition need only attach the WCJ's fair and unbiased summary of the testimony given by each witness. (See Cal. Rules of Court, rule 8.494(a)(1)(B).) Even in the minority of cases in which a reviewing court grants a writ of review and directs the Board to certify its record in the matter, the Board does not provide a transcript as a matter of course. In other words, in most cases, the WCJ's summary of evidence is the *only* unbiased overview of the testimonial evidence and, as such, is an essential component of meaningful judicial review. Unless all material facts are undisputed, the use of the demurrer standard prevents the reviewing court from knowing what the true facts are and may also create situations in which a petitioner sets forth whatever facts he or she wishes in the petition for reconsideration without citing to the summary of evidence or transcript (because there is no summary of evidence and there may be no transcript), with the Board and the reviewing court having to accept all such statements as true.

The present case is no exception. In this case, without a comprehensive and unbiased summary of each witness's testimony, we cannot properly address the substantive issue raised in the petition for review—specifically, whether Sharareh acted as an informant for Thys. Under these circumstances, the Board's use of a demurrer standard was improper, as it precludes meaningful review by this court.

### 2. Statement of decision standard

For similar reasons, we conclude that the statement of decision standard does not apply. In civil cases, transcripts of the underlying proceedings are generally available to the reviewing court, which can discern what the evidence was in the case by reviewing the transcript. As previously noted, the same does not hold true in workers' compensation cases.

The statement of decision standard provides that a judgment must be reversed where a statement of decision does not explain the factual and legal basis for its decision on a principal controverted issue and the evidence is

sufficient to sustain a finding in favor of the complaining party. Without a comprehensive summary of evidence, we cannot assess whether the evidence was sufficient to support a finding in favor of Sharareh. Thus, we cannot employ the statement of decision standard in this case.

### 3. Substantial compliance standard

Finally, we decline respondents' invitation to employ a substantial compliance standard. Even though the arbitrator in this case prepared a findings and opinion in which he set forth his findings, we cannot determine whether those findings are supported by the evidence because we do not know what the evidence was. For example, in the statement of facts set forth in Sharareh's petition for reconsideration, it is stated that "Thys had a conversation with [Sharareh] in which it was mentioned that the police were interested in Matt Anderson. Thys then left, checked with his supervisor [and] approved a deal made with [Sharareh] to check on Matt Anderson . . . ." Sharareh notes that Officer Thys's deposition was "particularly significant" because Thys testified that he "wanted to arrest" Matt Anderson and another individual named Mike Porter, that "using this information [provided by Sharareh], his department found a stolen car he was looking for," and that "Thys then confirmed that [Sharareh] would call Matt Anderson, set him up to go to the stolen car that had stolen property in it, that Thys would then arrest Matt Anderson and whoever was with him at the stolen car." Thys testified that he "discussed Matt Anderson with [Sharareh], making an agreement with him that [Sharareh] would provide the police with information on Matt Anderson, including information regarding stolen merchandise and illegal drugs."

The above testimony is central to the issue of whether Sharareh was an informant for Thys, yet Thys's testimony is not mentioned anywhere in the arbitrator's findings and opinion or in the Board's order on reconsideration. The lack of a summary of evidence and the lack of any mention of Thys's testimony makes it difficult, if not impossible, for us to determine whether such testimony existed and whether it was admitted into evidence and, if so, whether the arbitrator and Board discredited it or simply failed to consider it. Accordingly, we cannot conclude that the arbitrator substantially complied with his duty to prepare a summary of evidence, or that his failure to do so was otherwise harmless.

### C. The Arbitrator and the Board Unduly Emphasized Certain Factors in Reaching Their Conclusion that Sharareh's Injuries Were Not Compensable[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[*]See footnote, *ante*, page 189.

## III. DISPOSITION

The Board's order is hereby annulled. The case is remanded to the Board with directions to return the matter to the arbitrator for the preparation of a summary of evidence, and to thereafter prepare a new order consistent with this opinion.

Haerle, J., and Richman, J., concurred.