Filed 7/23/24  Marriage of Barton and Walsh CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| In re the Marriage of PHILIP S. BARTON and DIANE M. WALSH. | |
| | D081472 |
| PHILIP S. BARTON, | |
| Appellant, | |
| | (Super. Ct. No. 21FL014216N) |
| v. | |
| DIANE M. WALSH, | |
| Respondent. | |

APPEAL from an order of the Superior Court of San Diego County, Matthew Brower, Judge.  Affirmed.

Philip S. Barton, in pro. per., for Appellant.

Estelle & Kennedy and Ernesto Carrola for Respondent.

# I. INTRODUCTION

Philip Barton appeals from a five-year domestic violence restraining order (DVRO) issued in favor of his wife,[1] Diane Walsh, pursuant to the Domestic Violence Prevention Act (Fam. Code, § 6200 et seq.).

On appeal, Barton claims the trial court erred by shortening the evidentiary hearing from two days to half a day because that prevented him from presenting important evidence; and the trial judge was biased against him. Taken together, Barton asserts these actions violated his due process rights by depriving him of a fair restraining order hearing.

We conclude Barton forfeited these arguments because his briefs do not comply with appellate procedural rules governing citations to both law and the trial court's record. Therefore, it is not possible to discern how Barton arrives at his factual and legal conclusions. We therefore affirm the trial court's order.

## II. FACTUAL AND PROCEDURAL BACKGROUND[2]

Barton and Walsh married in 2006, and had three children during their marriage. In December 2021, Barton filed a petition for dissolution. He also brought motions seeking permission to relocate with the couple's children, and for appointment of an Evidence Code section 730 expert to conduct a child custody and visitation evaluation. In May 2022, Walsh filed a

---

[1]   Although the parties are going through a divorce, their marital status was not terminated at the time Barton filed this appeal.

[2]   Because we conclude Barton forfeited his claims by not conforming his briefings to legal standards, we provide here only an abbreviated factual recitation.

petition for a DVRO against Barton.

In September 2022, the parties agreed to consolidate the two scheduled restraining order hearing dates to one day, so the trial court continued the hearing to the second scheduled date, November 8, 2022. When the matter reconvened on November 8, 2022, the court shortened the hearing to a half-day, without objection from either side. The proceeding went as planned, with the court allowing an additional hour the following morning.

### III.  DISCUSSION

We begin by stating rules of practice and procedure that apply in every appeal. A reviewing court begins with a fundamental presumption that the trial court's judgment or orders are correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is the burden of the party challenging a judgment or order to affirmatively demonstrate error. (*Bianco v. California Highway Patrol* (1994) 24 Cal.App.4th 1113, 1125.) " 'In so doing, [an appellant] must raise claims of reversible error or other defect [citation], and "present argument and authority on each point made." ' " (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 544, fn. 8; accord, Cal. Rules of Court, rule 8.204(a)(1)(B); *In re Marriage of Ananeh-Firempong* (1990) 219 Cal.App.3d 272, 278.)

Further, an appellate court is "not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) "Nor is an appellate court required to consider alleged error where the appellant merely complains of it without pertinent argument." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

We are mindful Barton is appearing in propria persona, and a party who proceeds without the assistance of legal counsel may encounter unique challenges not encountered by those who utilize the services of competent

legal counsel.  However, "[a] self-represented party is to be treated like any other party and is entitled to the same, but no greater, consideration than other litigants having attorneys." (*Elena S. v. Kroutik* (2016) 247 Cal.App.4th 570, 574; see *Burkes v. Robertson* (2018) 26 Cal.App.5th 334, 344–345 ["The same burdens are imposed uniformly and equally on all appellants, and self-represented parties are ' "held to the same restrictive procedural rules as an attorney." ' "].)  Therefore, Barton needed to comply with the rules governing preparation of an adequate appellate record and presenting legal arguments supported by citations to relevant legal authority and portions of the designated court file.

Barton's opening and reply briefs generally communicate his belief that the trial court denied him a fair trial due to the shortened hearing length, the preclusion of evidence concerning Walsh's alleged history of making false abuse accusations in her workplace, and the judge's alleged bias against him. But Barton's filings do not support his allegations of error with specific references to the record and legal authority.  This court cannot fill in those blanks.  (See, e.g., *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830 ["[A reviewing court is] not bound to develop appellants' arguments for them"].)  Because Barton's arguments lack this required information, we conclude Barton forfeited his contentions on appeal.

For these reasons, we affirm the order.

## IV.  DISPOSITION

The trial court's November 9, 2022 order is affirmed.  Barton to pay Walsh's costs on appeal.

RUBIN, J.

WE CONCUR:


DO, Acting P. J.


CASTILLO, J.